# COURT OF COMMON PLEAS.

## JAMES R. HEPBURN agt. MARGARET HEPBURN.

*Stay of proceedings — When stay will be granted in action for divorce to annul the marriage contract, on the ground of a former marriage, until the payment of defendant's judgment for costs of former action for divorce upon the ground of adultery are paid — Court will presume second action to be vexatious.*

Plaintiff commenced an action in this court against his wife to dissolve the marriage contract upon the ground of adultery. While the action was still pending plaintiff commenced another action against his wife to annul their marriage contract upon the ground of a former marriage of his wife with one Baldwin. Issue was joined in this action by the answer of his wife denying the alleged marriage with Baldwin. The first action was then dismissed for want of prosecution and abandonment, and a judgment was entered in favor of defendant against plaintiff for $139.83, costs and disbursements. Execution was issued and returned wholly unsatisfied. Plaintiff was examined as a judgment debtor and no property discovered. On motion by defendant to stay all proceedings of plaintiff in the second action until the judgment for costs in the first action was paid:

*Held,* that the former action for a divorce and the present one to annul the marriage being *identical or of the same nature,* and each invoking the equitable powers of the court to the same end (a release of the plaintiff from his marital obligation), the motion should be granted.

*Special Term, February,* 1878.

In June, 1876, plaintiff commenced an action in this court against his wife to dissolve their marriage contract, upon the ground of adultery. The wife answered by a general denial of the adulteries charged against her, and by way of a cross-complaint, alleged in her answer numerous acts of adulteries

committed by the husband. The action was by consent referred. The referee reported in favor of the plaintiff, but the court refused to confirm the referee's report on the ground of insufficiency of evidence and sent the case back for further testimony; the referee again reported in favor of the plaintiff, but the court again refused to confirm the referee's report and vacated and set aside the order of reference upon the ground that the order was to " *hear and report* " the issues, instead of, as required by the statute to " *hear, try and determine* " the issues. Plaintiff then put the cause upon the calendar, for trial by jury. In July, 1877, while the action was still pending, plaintiff commenced another action against his wife to annul their marriage contract upon the ground of a former marriage of his wife with one William H. Baldwin; issue was joined in this action by the answer of the wife denying the alleged marriage with Baldwin. The first action was then dismissed for want of prosecution and abandonment and a judgment entered in favor of the defendant against the plaintiff for $139.83, costs and disbursements; execution was issued upon this judgment, to the sheriff, and returned wholly unsatisfied. The plaintiff was examined as a judgment debtor and no property discovered. Defendant then moved to stay all proceedings of the plaintiff in the second action until the judgment for costs in the first action are paid.

*George F. & J. C. Julius Langbein*, for the motion, made and argued the following points :

*First Point.* The motion is proper at this stage of the proceedings, and there is no longer any doubt that where both cases are actions in equity, or of an equitable nature, the motion for a stay of proceedings will be granted.

I. It is conceded that the granting or denial of this motion is purely discretionary with the court; it must however be a legal, sound, judicial discretion, to be exercised in discerning the course prescribed by law; it should not be an arbitrary,

whimsical, capricious discretion (*O'Connor* agt. *Moschowitz*, 48 *How.*, 451).

II. The application for a stay of proceedings may be made at any time before trial (*Cuyler* agt. *Vanderwerke*, 1 *Johns. Cases*, 247).

It may be made at any time while the cause is in litigation, *even after verdict*, but before entry of judgment (*Jackson* agt. *Miller*, 3 *Cowen*, 57; *Marsh* agt. *Eastman*, 3 *id.*, 58).

The first suit must be at an end and in such a state that the defendant is entitled to receive, and the plaintiff bound to pay, costs; and the motion must be made while the second suit is in course of litigation (*Jackson* agt. *Miller*, *supra*; *Graham's Practice*, 554, 555).

III. " Courts of law have for a considerable period been in the habit of granting a rule to stay proceedings in a second action of ejectment until the costs of a former ejectment relating to the same property have been paid. Whether the courts possessed a general power of granting such a rule in all other species of actions as well as that of ejectment, was long a matter of doubt and controversy. But whatever doubts might be once entertained on the subject the courts have often, of late, very equitably exercised the power of staying a second action until the costs of a former were paid, in other cases besides those of ejectment; and it may now be laid down as an established proposition, that no kind of action shall be permitted to proceed until the payment of the costs of a former action (although in a different court), and this whether the merits were tried in a former action or not. This rule has also been adopted by the courts in equity" (*Beams on Costs in Equity*, chap. 9, *p.* 71, *marginal p.* 209; *Tidd's Pr.* [2d ed.], *vol.* 1., 479, 480).

In *Hatfield* agt. *Baldwin* (1 *Johns.*, 50) the defendant moved to stay plaintiff's proceedings upon payment of the amount of the verdict with costs to date of the motion. The plaintiff objected on the ground that the action being for slander against his character, he wanted to have the verdict

entered up in justification of his character. The court granted the motion for a stay.

An order to stay proceedings in an action for equitable relief, will not be granted after the dismissal of an action of a strictly legal nature in the same court (*Davis* agt. *Duffie*, 3 *Abb.*, 363; *S. C.*, 5 *Duer*, 668); and a court of equity will not stay proceedings on account of the non-payment of costs in an action at law (*Kerr* agt. *Davis*, 7 *Paige*, 53; *Demarest* agt. *Wyncoop*, 2 *Johns. Ch.*, 461; *Wild* agt. *Hobson*, 2 *Ves. and B.*, 105), thus following the rules of the former practice, under which proceedings in a court of law would not be stayed on account of the non-payment of costs in a suit in equity, for the same cause (*Stebbins* agt. *Grant*, 19 *Johns.*, 196). The reason for this rule is stated by chancellor KENT in *Demarest* agt. *Wynkoop* (*supra*), as follows: " The principle has never been applied where the one suit was in equity and the other at law. In all other cases, if the two suits were in different courts. but in court of the same nature, a stay of proceedings will be granted. There is a great distinction between legal and equitable jurisdiction as to the mode of proof, the mode of trial and the nature of the relief; such a change in the remedy does away with the presumption of vexation. The party having tried the question at law may apply to the defendant's conscience.

*Second Point.* The court will grant a stay of proceedings even though the actions were brought in different courts, and even though new parties and additional causes of action have been added to the first suit.

Where a defendant is sued a second time for the same cause of action, though in conjunction with others who were not parties to the first suit, the court will order the plaintiff's proceedings to be stayed until the costs of the first suit are paid (*Kentish* agt. *Tatham*, 6 *Hill*, 372).

Proceedings in an action by an infant by his next friend will be stayed until the costs of a former suit are paid,

although commenced in a different court and by a different next friend (*Taylor* agt. *Vandervoort*, 9 *Wend.*, 449).

The court will stay the proceedings of the plaintiff in an ejectment suit until the costs of a former suit are paid, even though the first action was not between the same parties but by the father of the present lessor against the present defendant's father, and even though the present action be not for the same lands, provided it be upon the same title; and it is not material, in this respect, whether the former action was in another court (*Graham's Practice*, 553, 554, *citing numerous English cases*).

In *Ripley* agt. *Benedict* (4 *Cowen*, 19) the defendant demurred to the complaint. The court of common pleas gave judgment against the plaintiff with leave to amend on payment of costs, which he did not pay but commenced the same suit in the supreme court with an additional cause of action which the plaintiff's attorney swore had happened after the commencement of the suit in the common pleas, and of which he could not, therefore, avail himself in the first suit. The defendant moved that the proceedings in the second suit be stayed until the costs in the first suit be paid.

In an action brought by husband and wife the court of king's bench stayed the proceedings until the payment of costs in a former action brought by the husband only, it being for the same demand (*Tidd's Pr.*, vol. 1 [2nd ed.], 480; *Dunlap's Pr.*, vol. 1, 337).

The court will stay proceedings in the second action until payment of costs of the first, although the first was brought, or had been pending, in another court (*Perkins* agt. *Hinman*, 19 *Johns.*, 237; *Ex parte Stone*, 3 *Cowen*, 380; *Jackson* agt. *Carpenter*, id., 22; *Jackson* agt. *Edwards*, 1 id., 138; *Taylor* agt. *Vandervoort*, *supra;* *Simpson* agt. *Brewster*, 9 *Paige*, 245; *Saxton* agt. *Stowell*, 11 id., 526).

The supreme court will stay proceedings until the costs are paid in a suit for the same cause in the circuit court of the United States (*Jackson* agt. *Carpenter*, *supra*).

Hepburn agt. Hepburn.

The rule as to payment of costs in a former suit applies to all who are privy to the suit as well as to the actual plaintiffs (*Jackson* agt. *Edwards, supra*).

And the court will stay proceedings in such a case, although the first suit was in a court under the Constitution and laws of the United States (*Allen* agt. *Carpenter*, 3 *Cowen*, 22).

Where a second action (mixed or personal) is brought either in the supreme court or the court of common pleas and a trial has been had therein, or the plaintiff becomes nonsuited, the court will stay the proceedings until the costs of the former cause are paid (*Perkins* agt. *Hinman, supra*).

In an action of trover for the conversion of personal property by an assignee of the claim the plaintiff's proceedings will be stayed, on motion, until payment of a prior judgment of nonsuit for costs obtained by the defendant against the plaintiff's assignor for the same cause of action.

The rule is the same in personal actions as in actions to recover real property (*Richardson* agt. *White*, 27 *How.*, 155).

"It is the settled rule and practice in this state, asserted in numerous cases, that where one action is discontinued or dismissed with costs, and a second action is brought for the same cause of action by the same plaintiff, or by any assignee of the cause of action, that the proceedings in such second action will be stayed until the costs of the first action are paid; and it matters not that the first action was dismissed for a defect of parties, *or other causes*, and the bringing in of other parties as defendants in the second suit does not change the rule" (*Per* E. DARWIN SMITH *in Hill* agt. *Grant*, 2 *Supreme Court Rep.* [*T. & C.*], 468).

If a plaintiff voluntarily suffers a nonsuit and then brings a second action without paying the costs of the first, the defendant may, at any time before trial, move for a stay of proceedings until the costs of the first suit are paid, and this has been a universal practice (1 *Cowen*, 138; 3 *id.*, 22, 380; 19 *Johns.*, 237; 9 *Wend.*, 449; 6 *Hill*, 372; 5 *How.*, 75; 2 *id.*, 32; 22 *id.*, 444; 15 *Abb.*, 273). The rule

is the same in England. (4 *Eng. Com. Law*, 205; 6 *id.*, 164; 4 *East*, 485; 2 *Term Rep.*, 511; 8 *id.*, 645; 6 *id.*, 223; *id.*, 740).

This rule is not confined to real actions, but is extended to personal and mixed actions as well. Several of the cases cited were assumpsit; one was for slander and one for assault and false imprisonment (*Richardson* agt. *White*, 27 *How.*, 155).

Where a defendant obtained a judgment of *non pros* in the common pleas which remains unpaid, and the plaintiff previously has commenced another suit in the supreme court for the same cause of action; plaintiff's proceedings will be stayed on motion until costs in common pleas are paid (*Post* agt. *Haight*, 2 *How.*, 31).

Where the title to the same premises are drawn in question in the second suit between the parties or their privies to the first, the court will order a payment of the costs of the first suit before they will suffer the second to proceed (*Ejectment for lot No.* 23, *Jackson* agt. *Livingston*, 1 *Cow.*, 138; *Tidd's Pr.*, vol. 1, 479, 480).

In the state of New York it is provided by statute that upon a complainant in a court of equity, dismissing his own bill or petition, or upon the same being dismissed for want of prosecution, the complainant shall pay to the defendant his costs to be taxed; except in those cases where, according to the practice of the court, costs would not be awarded against such complainant upon a decree rendered upon hearing of the cause (2 *R. S.*, sec., 1, *page*, 613). It has been decided that this provision extends only to those cases where *prima facie*, the complainant would not be chargeable with costs on a decree dismissing the bill on a hearing; as in the case of suits by executors in rights of their testators (*Hammersly* agt. *Barker*, 2 *Paige*, 372; *note to Cummins* agt. *Bennett*, 8 *Paige*, 81).

*Third Point.* Even though the second suit is not brought for the same cause of action as the first, still the motion will

Hepburn agt. Hepburn.

be granted when the actions are identical, or the relief sought in both actions are similar.

The power exercised by the court to stay proceedings until the costs of a former suit are paid is an *equitable jurisdiction*, and intended to prevent the vexatious multiplication of suits (*Sanford* agt. *Chase*, 3 *Cow.*, 381 ; *Ginger* agt. *Bamardiston*, 2 *Bl. Rep.*, 904).

The granting or refusing of a stay of proceedings is entirely a matter of discretion with the court (*Hunter* agt. *Schuyler*, 1 *How.*, 95).

Where a second suit is brought for the same cause of action a stay of proceedings on the part of the plaintiff will be ordered until the costs of the first suit are paid.

But this rule will not apply unless the actions are identical, or the relief sought in the proceedings are similar (*Edwards* agt. *Ninth Ave. R. R. Co.*, 22 *How.*, 444 ; *Richardson* agt. *White*, 27 *How.*, 155 ; *Davis* agt. *Duffie*, 3 *Abb.*, 363 ; *S. C.*, 5 *Duer*, 688 ; *Parsons on Costs, page* 7).

In *Saxton* agt. *Stowell* (11 *Paige*, 526), the subject-matter of the two suits, when taken together, embraced the same object for which the former suit was commenced.

The court granted a stay of proceedings until the costs of former suit and costs of motion were paid.

In the case at bar the two actions were identical; they were actions for divorce *a vinculo matrimonii*, to dissolve the marriage contract and sever the bonds of matrimony as husband and wife. The relief sought and prayed for were similar; both praying for a divorce severing the marriage tie and the bond of matrimony. The subject-matter of the two actions when taken together embraced the same object, which was to free himself from his wife. The object or relief prayed for in both complaints were similar and identical; the *gist* of the two actions were similar and identical, and when taken together embraced the same subject-matter, viz. : divorce *a vinculo matrimonii* (*See title* " *Of Divorces*," " *Dissolving the Marriage Contract*," " *Of Divorces on the Ground*

*of Nullity of the Marriage Contract*," 3 *R. S.* [*6th ed.*], *Bank's Bros.*, 153, 155).

*Fourth Point.* The plaintiff being insolvent and financially irresponsible, the court will presume the second action to be vexatious, and will grant the motion.

Even under the authorities cited under the first and second points, a motion for a stay of proceedings would always be granted, when the same relief could have been obtained in the first action, and it was shown that the second action was brought in bad faith, and appeared to be vexatious (*Kerr* agt. *Davis*, 7 *Paige*, 53 *and cases cited above*).

Judge Bosworth, in *Davis* agt. *Duffie* (3 *Abbott Pr. Rep.*, 364), lays down the rule as follows : " The practice in this state seems to have been this : a court of equity would not stay the proceedings in a suit brought in it until the costs of a previous action at law, in which the plaintiff was defeated, were paid, unless the second suit appeared to be vexatious. A court of law was governed by the same rule as to staying proceedings until the costs of a former suit in chancery were paid. Unless the two suits had been in the same court, or in courts of the same nature, and proceeding on the same principle and in the same mode, the second action would not be stayed until the costs of a former one were paid." (2 *Johns. Ch.*, 461; 19 *Johns.*, 196; 7 *Paige*, 53).

The burden of proof that the second suit is not vexatious is upon the plaintiff (*Ex parte Stone*, 3 *Cowen*, 380 ; *Demarest* agt. *Wynkoop*, 2 *Johns. Ch.*, 461; *Keer* agt. *Davis*, 7 *Paige*, 53 ; *Lawrence* agt. *Dickenson*, 2 *Cowen*, 580).

Unless the plaintiff can make it appear that his proceedings have not been vexatious, the motion to stay proceedings will be granted, on the presumption that they are so. The plaintiff must rebut that presumption (*See cases above cited*).

Applying the facts in this case, as shown by the motion papers, they come directly within the authorities above cited. The plaintiff is financially irresponsible. Execution on the judgment has been returned by the sheriff wholly unsatisfied ;

Hepburn agt. Hepburn.

he has been examined in proceedings supplementary to execution as a judgment debtor, and no property been discovered. Should the defendant succeed in this action the costs and disbursements could not be collected; the parties have lived together thirteen years and had five children; he has not supported his wife or contributed one dollar towards her support for two years, and is living in adulterous intercourse with another woman; he commenced this action while the first was pending and on the calendar of the court for trial by jury; he could have proceeded with that action, and if successful obtained a divorce severing his marriage ties with the defendant; he failed to prosecute the first action for two reasons:

1. His charge of adultery could not be proven.

2. Even if proven, acts of adultery could be proven against him, and in such a case the law is well settled that neither party can obtain relief, but the courts and the law will leave the guilty parties where it finds them. The second action is vexatious because plaintiff could have discontinued the first on motion to the court, without costs. It is also vexatious, because he might have added by leave of the court a second separate cause of action to the original complaint.

*Fifth Point.* The plaintiff does not come into court pleading poverty, or as a poor person, in *forma pauperis* under the statute asking the grace and favor of the court to prosecute his alleged rights, but boldly brings this action while the other is still pending and undetermined, and therefore, the motion should be granted.

In *Kerr* agt. *Davis* (7 *Paige*, 53), chancellor WALWORTH says, " When the complainant has commenced a former suit in a court of chancery for the same cause and has failed, his proceedings in the second suit will be stayed until the costs of the first are paid.

The existence of such a principle in this state is recognized in the provisions of Revised Statutes which exempt paupers from the operation of the rule ( 2 *R. S.*, 445, *sec.* 4). In

that case the legislature has made provision for the protection of the defendant against suits merely vexatious, by requiring the pauper to show to the court in the first place, that he has a meritorious cause of action or suit."

*Sixth Point.* The issuing and return of an execution against the property of the plaintiff is no bar to this motion.

The decisions in 4 Wendell, 203; 1 Cowen, 56; 3 Wendell, 184; 9 Wendell, 241, and 11 Wendell, 41, to the effect that proceedings will not be stayed where the plaintiff is in execution for the costs in the first suit, all refer to executions against the persons and not against the property. The reason is obvious, an execution against the person being the highest known to the law, it satisfies the debt.

*George W. Gibbons* and *George F. Behrens* argued that, inasmuch as the statute provided both remedies for the plaintiff, he should be allowed to pursue them, and that the two actions being different in their nature and upon separate, distinct grounds the motion should be denied.

ROBINSON, *J.* — The circumstance that defendant, at the time of the marriage of the parties in September, 1864, had been married in April of the same year to William H. Baldwin, and that she then claimed to have been legally divorced from him, is conceded. Plaintiff had then all the means of ascertaining the truth of the fact that he has had at any time since, and his allegation that it is only within a year past that he has made search and ascertained the contrary, without any but an indefinite allegation in that respect as to search for such a decree and inability to find it after thirteen years marital relation and birth of five children, presents a case of most *attenuated* equity. His former action for a divorce and the present one to annul the marriage are "*idem generis*," and each invoked the equitable powers of the court to the same end, a release of the plaintiff from his marital obligation. The justice and propriety of the application in such a

Hepburn agt. Hepburn.

case is clearly made manifest on the affidavits and points presented and it should be granted.    While making this disposition of the motion I would be wanting in a sense of duty if I failed to commend the diligence and professional acumen of Mr. Langbein, the defendant's counsel, who, in his learned and elaborate brief upon the question when such a stay should be granted until payment of costs in prior litigations, presents a fair *essay* on the subject in all its phases.    The aid he has thus extended to the court presents a glaring contrast to the great mass of practitioners appearing before it who, either through indifference to the cause of their clients, ignorance to the principles involved, or, on the assumption that the "*judge knows all the law*," cast upon him a burden of elaborate research, not only upon mooted and contested questions but upon such as rest upon the gravest complications arising as well upon the facts as upon the weighing and harmonizing of conflicting decisions.

Motion granted, with ten dollars costs.