ANNE BARTON, Appellant, *v.* MARY SPEIS, Respondent.

This action was brought upon a guaranty of a promissory note, which note, with guaranty, was assigned to plaintiff after maturity. The former holder of the note brought an action against the maker and defendant jointly. Defendant demurred, and the demurrer was sustained, with leave to plaintiff to amend on payment of costs. *Held,* that the court had power to stay proceedings in this action until the payment of costs in the former suit, as plaintiff took the claim subject to existing equities; that he was not relieved from the obligation to pay the costs by abandoning the former action and commencing a new one; and, that the facts that the former action was still nominally pending, and that the maker of the note was joined therein, were immaterial.

(Argued February 22, 1878; decided March 19, 1878.)

APPEAL from order of the General Term of the Supreme Court in the fourth judicial department, affirming an order of Special Term, requiring plaintiff to pay the costs in a former action, and staying proceedings herein until such payment.

This action was brought against defendant upon a guaranty of payment of a promissory note executed by Anthony Speis, her husband. Barton and Parkhouse, the original holders of the note, brought an action against the maker and defendant, as guarantor, jointly.

The defendants demurred, because of misjoinder of causes of action; the demurrer was sustained with costs, with leave to plaintiff to amend on payment thereof. The plaintiff thereupon transferred the note, with the guaranty, to one Evarts, who assigned the same to plaintiff herein.

*F. M. Evarts*, for appellant. This motion could not be made until the former suit was ended or tried and decided in some way. (*Bishop* v. *Bishop*, 7 Robt., 194, 197, 198; *Cox* v. *Chubb*, 2 W. Black., 809; *Merchart* v. *Halsey*, id., 740, 744.) This action cannot be stayed nor the appellant compelled by motion in this action to pay costs. (*Rinn* v. *Astor F. Ins. Co.*, 59 N. Y., 143, 148; *Atkins* v. *Le Fever*, 5 Abb. [N. S.], 221, 222; *Allis* v. *Wheeler*, 56 N. Y., 50, 52.) The fact that plaintiff was the wife of a plaintiff in the former suit creates no evidence of fraud, and cannot change legal rights or establish bad faith. (*Holden* v. *Burnham*, 63 N. Y., 74; *Du Bois* v. *Baker*, 6 T. & C., 349.) There being no privity between plaintiff and the plaintiffs in the former suit, she cannot be stayed in the regular and orderly prosecution of this action by this motion, or by it compelled to pay costs. (*Dawson* v. *Sampson*, 2 Chitty, 146; *Jackson* v. *Clark*, 1 Cow., 140, 141; *Ten Broeck* v. *Reynolds*, 13 How., 462, 463.) Plaintiff's assignor would be liable for no costs prior to his taking title. (*Reade* v. *Waterhouse*, 52 N. Y., 587, 589; *Col. Ins. Co.* v. *Stevens*, 37 id., 536.) Plaintiff not having proceeded with or carried on the former suit, and not being beneficially interested therein, was not liable for or to be charged with any costs. (*Miller* v. *Franklin*, 20 Wend., 632; *Taylor* v. *Bolmer*, 2 Denio, 193, 194; *Cutter* v. *Reilly*, 31 How., 472.) This motion could not prevail because it was not shown that the plaintiffs in the former suit were irresponsible or insolvent, and that the costs could not be collected. (*Davies* v. *Duffie*, 3 Abb. Pr., 364, 365; *Adams* v. *Bush*, 2 id., 116.) The single fact of two suits pending for the same cause of action by two different parties is no ground for a stay or an injunction. (*McHenry* v. *Hazzard*, 45 Barb., 657, 662; *Fuller* v. *Read*, 15 How., 240.)

*W. H. Cutler*, for respondent. The payment of costs in the former action was a matter of right, and the application could be made at any time before the trial of the second action. (*Cuyler* v. *Vanderwerk*, 1 J. Cas., 247; *Jackson* v.

*Miller*, 3 Cow., 57.) The plaintiff in the second action is to be deemed in privity with the assignor; she takes the exact position of the original assignor. (*Brush* v. *Lathrop*, 22 N. Y., 385; *Cutts* v. *Guild*, 57 id., 232; *Schaffer* v. *Reiley*, 50 id., 67.) Where a second action is brought for the same cause of action by the same plaintiff, or any assignor thereof, the proceedings will be stayed until payment of the costs in the first action. (*Richardson* v. *White*, 27 How. Pr., 156; *Hill* v. *Grant*, 2 T. & C., 467; *Stone* v. *Hooker*, 3 Cow., 380; *Kerr* v. *Davis*, 7 Paige, 53.) Defendant occupies the same position as if the former action had been brought against her separately. (*Barton* v. *Spies*, 5 Hun, 60; Laws 1835, chap. 276, § 7; Laws 1841, chap. 282, § 1.)

*Per Curiam.* We have no doubt of the power of the Supreme Court to make the order appealed from requiring the plaintiff to pay the costs accrued in the former action by Barton and Parkhouse. That action was for the same cause of action as this. The plaintiff purchased the obligation subject to existing equities between the parties, and she has no better position than her assignor, and he had no better position than the original plaintiffs. This power is one of equitable cognizance over suitors to prevent a multiplicity of actions, and harassing and oppressive litigation. (*Richardson* v. *White*, 27 How., 155, and cases there cited; *Sandford* v. *Chase*, 3 Cow., 381.) Having the power, it is for that court to determine the propriety of its exercise in a given case. We think it was properly exercised in this case. The plaintiff, instead of availing herself of the privilege of amending the complaint in the original action, as she might have done upon payment of the costs of the demurrer, brought a new action. This does not relieve her from the obligation to pay the costs. The fact that the former action is still nominally pending and undetermined is not decisive against this motion. The costs of the demurrer are fixed, and payment might be inforced by process. There is no justice in permitting her to evade the payment of these

costs by abandoning the former action. She derived her title through the former plaintiffs, and is in privity with them, and took the obligation *cum onere.* It does not matter that in the former action the defendant's husband was joined with her as maker of the note. The plaintiffs had the privilege of amending the complaint, and might have severed the action, and continued it against each or either, and the defendant is entitled to the same relief as if she had been the sole party in the former action.

The order should be affirmed, with costs.

All concur, except EARL, J., absent.

Order affirmed.