(6 Misc. Rep. 418.)

## MORGENSTERN v. ZINK.

(Superior Court of Buffalo, Special Term. January, 1894.)

1. COSTS—REMEDIES—STAY OF PROCEEDINGS.

The rule that, where an action has been successfully resisted, plaintiff cannot sue defendant for the same cause without paying the costs of the first action, does not require the cause of action to be identical in each case, but it is sufficient if the character is the same, and arises out of the same transaction, and like relief is asked for.

2. SAME—DISCRETION OF COURT.

It is in the discretion of the court to stay proceeding until payment of costs of a former action.

Action by Morgenstern against Zink. Defendant moves for a stay of proceedings until payment by plaintiff of the costs of the former action. Granted.

M. Fillmore Brown, for plaintiff.
Edward Jellinek, for defendant.

HATCH, J. The plaintiff brought his first action in the supreme court upon a written agreement by virtue of the terms of which, if he fulfilled its conditions, he became entitled to recover the sum of $6,000. His complaint alleged that, by subsequent agreement, defendant fulfilled the conditions which plaintiff was bound to perform, and continued his interest in the contract, and that thereby he became entitled to recover. Upon the trial, plaintiff was sworn as a witness, and testified that after the execution of the contract he sold to defendant his interest therein for the sum of $1,000, receiving $100 down, leaving a balance due of $900. These were the conceded facts, orally stated upon the motion, and are at variance with the affidavit submitted by plaintiff in opposition, for therein it is stated by plaintiff's attorney "that defendant paid one thousand dollars." He probably meant to say "hundred" instead of "thousand." This affidavit, after setting out what plaintiff swore to upon the trial, states:

"The plaintiff called the defendant as a witness in his own behalf, and the defendant testified that it was not paid on any such contract, but that it was a loan; whereupon the trial court submitted the question of fact to the jury as to whether the defendant paid to the plaintiff one hundred dollars upon such agreement, and instructed the jury, as matter of law, that if they found or believed the testimony of the defendant, that a verdict should be for the plaintiff, but if they believed the testimony of plaintiff, that said one hundred dollars was paid on said agreement, and the plaintiff sold his interest to the defendant in the contract upon which the action had been brought, the plaintiff could not recover, and the verdict must be no cause of action."

If this affidavit states the facts as they occurred, the opinion is ventured that a case is presented without parallel in the history of litigation, for therein a recovery of $6,000 against the defendant is made to depend upon whether he loaned to plaintiff $100. It is safe to say that, if such result can be reached, the business of loaning money will fall into decay surpassing that of the office of constable in Wouter Von Twiller's time. Quite as surprising was the submission to the jury of the question whether plaintiff was entitled to recover after he had sworn that he had no cause of action under his complaint. It is certainly a novel proposition which makes a recovery depend upon the jury's disregarding the testimony of a party which defeats his right of recovery in order to find for him, and that in the absence of any evidence upon which the finding could be based. We prefer to think the affiant mistaken in his statement of the facts which necessarily lead to such an absurd result. It is quite clear from the affidavit that plaintiff was not entitled to recover in that action. The present action differs from the first in that it seeks to recover the claimed balance of the purchase price of the interest under the contract, instead of the interest secured by the contract. The complaint is precisely the same in the second, as in the first, action, except that the former sets out the oral agreement of sale and the balance due thereunder, for which it asks judgment. In order to recover in the present action the plaintiff will be required to establish the contract, and his interest thereunder, in order that it shall appear that he had something to sell, for, if he fails to establish any rights under the agreement, then there would be no consideration for any promise to pay him any sum whatever. Up to this point the issue is identical with the first action, as the answer denied plaintiff's interest, alleging a failure on his part to perform the agreement. The oral agreement to pay $1,000 for the interest in the contract is different. But it is quite clear that, if it be established that plaintiff had a $6,000 interest in the contract, the central proposition in his cause of action will be established, and a recovery will be quite likely to follow. The whole matter might have been disposed of in the first action by appropriate allegations, which were then known to plaintiff; and while it is true that he must now establish the oral promise to pay, yet the parties and character of the action is the same, and practically the main issue is to establish the interest under the contract. The general rule is that when a party has once brought an action, asserting a claim which is successfully resisted, he shall not again be permitted to implead the successful party without paying the costs of the same action; and, while this rule is undoubtedly limited to a case where the parties and the cause of action are the same, it does not mean that they shall be of that identical character necessary to constitute a bar to the second action. The general rule is to be applied where the character of the action is the same, arises out of the same transaction, and like relief is asked for, although it may differ in degree, and the evidence to establish it may be different. This, as we have seen, is such a case, and defendant should have the benefit of the rule. Thompson v.

Burchell, 48 N. Y. Super. Ct. 537; Ripley v. Benedict, 4 Cow. 19; Kentish v. Tatham, 6 Hill, 372; Hepburn v. Hepburn, 54 How. Pr. 466.

The granting of a stay is not a matter of strict legal right, but rests in the sound discretion of the court. The power may be invoked to prevent a multiplicity of suits, and is exercised where the litigation could have been disposed of in the first action, and the party sought to be stayed is insolvent. Griffin v. Association, 26 Hun, 314; Ex parte Stone, 3 Cow. 380; Barton v. Speis, 73 N. Y. 133. The moving affidavits in the present case show that plaintiff is wholly insolvent and irresponsible. The motion for a stay is granted, with $10 costs.

Motion granted, with costs.