(27 Misc. Rep. 239.)

## STEWART v. HILTON.

(Supreme Court, Special Term, New York County. April, 1899.)

EJECTMENT—COSTS—STAY OF PROCEEDINGS.
    Where a second ejectment is to try the same title as a former ejectment between the same parties, though to different property, the proceedings may be stayed until plaintiff pays the costs of the first proceeding, he being defeated therein.

Action by Alexander Stewart against Henry Hilton. Motion to compel plaintiff's attorneys to produce written evidence of authority to sue, and to stay proceedings until costs in a former proceeding have been paid, granted.

Russell & Holmes, for the motion.
Hart & Hopkins, opposed.

TRUAX, J. This is an action of ejectment brought by the plaintiff, as an heir at law of the late Alexander T. Stewart, to recover from the defendant possession of the building known as the "Stewart Building," which was owned by said A. T. Stewart at the time of his death. The plaintiff, as such heir at law, has heretofore brought another action in ejectment against the defendant to recover possession of another piece of property, in which action, after a trial by a jury, he was defeated. The defendant now moves that the court compel the plaintiff's attorneys to produce written evidence of their authority to commence such action, file such evidence in court, and serve a copy thereof on defendant's attorneys. This motion is authorized by sections 1512 and 1513 of the Code of Civil Procedure, and should be granted, and the proceedings of the plaintiff should be stayed until such evidence is produced.

The defendant also moves that the proceedings of the plaintiff in this action be stayed until he shall have paid the costs in the action in which he was defeated and interest thereon. The rule staying proceedings, in an action of ejectment, until the costs of a former action of ejectment have been paid, has been enforced in such actions from the earliest time; and this is so, although the particular piece of property involved in the second action of ejectment is different from that involved in the first. It was said by Lord Kenyon in Keene v. Angel, 6 Term R. 740, that the only question in the case is whether the second ejectment is in substance brought to try the same title. If so, the rule is, of course, to stay the proceedings until the costs of the former ejectment have been paid. This rule has been frequently followed, both in England and this country, upon the ground that the power to stay proceedings in an action is one of equitable cognizance over suitors to prevent a multiplicity of actions and harassing and oppressive litigation. Barton v. Speis, 73 N. Y. 133. See, also, Doe v. Thomas, 4 Adol. & E. 348; Doe v. Harland, 10 Adol. & E. 761; Tyler, Ej. (Ed. 1870) p. 596. Motion granted, with $10 costs to abide the event.

Motion granted, with $10 costs.