HENRY K. SPAULDING, Appellant, *v.* AMERICAN WOOD BOARD COMPANY, Respondent.

*Payment of costs awarded in one suit before another can be brought on the same contract — laches in moving for a stay — evidence of insolvency.*

The issue litigated in an action to foreclose a factor's lien was whether the plaintiff purchased the goods in question from the defendant under a guaranty, or held them as a factor for sale on account of the defendant. The court held that the plaintiff owned the goods and might have sold the same and have recovered for a loss on the guaranty. Thereupon the plaintiff brought a suit against the defendant upon the guaranty.

*Held,* that the plaintiff's proceedings in the action on the guaranty should be stayed until he had paid the costs awarded against him in the action to foreclose the factor's lien;

That the fact that the motion for the stay, although noticed before, was not heard until after the service of the answer, did not operate as a waiver of the right to the stay.

Evidence of insolvency is furnished by proof of an execution issued and returned unsatisfied.

VAN BRUNT, P. J., dissented.

APPEAL by the plaintiff, Henry K. Spaulding, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 5th day of December, 1900, granting the defendant's motion to stay proceedings on the part of the plaintiff until the payment of a judgment for costs, recovered by the defendant in a prior action between the plaintiff's assignors and the defendant.

*Ira Leo Bamberger,* for the appellant.

*Andrew J. Shipman,* for the respondent.

PATTERSON, J.:

This is an appeal from an order staying proceedings on the part of the plaintiff until judgments for costs, recovered by the defendant in a prior action between the plaintiff's assignors and it, have been paid. The motion for the stay was opposed in the court below, principally on the ground that the prior action was in equity to foreclose a factor's lien, while this is at law to recover damages for the breach of a guaranty, and it was claimed that to authorize a stay in such a situation until the costs of a former action are paid, there must be complete identity of the subject-matter of both actions. That is not an accurate statement of the rule applied in this court. (*Sprague* v. *Bartholdi Hotel Co.,* 68 Hun, 555.)

The present action is brought upon the same contract and relates to the same merchandise involved in the first action, and the plaintiff stands in no other or better position to resist this motion than his assignors would have occupied. In that first action the matter litigated was the plaintiff's right under the contract (26 App. Div. 237). The issue was whether the plaintiffs owned the goods, the subject of the contract, taking them under a guaranty of the defendant, or had them as factors and for sale on account of the defendant. It was held that they were owners and might have sold the goods and recovered for a loss on the guaranty. This action is

founded upon rights declared by this court in the former action in determining the relations of the parties upon the one contract furnishing the subject-matter of both actions. The defendant's liability was only at law, and having successfully resisted one suit on the contract, it should not be vexed with another on the same contract without receiving that indemnity which the costs of the former action will afford.

There was no waiver of the right of the defendant to move for a stay. The motion was made, although not heard, before an answer was served, which was not done until the last day for service, and then to save a default. It was not made after issue joined, and was in time.

If it were necessary to show that the plaintiff's assignors were insolvent, that was sufficiently made to appear by proof that executions were issued upon the judgments for costs and returned unsatisfied, and that such assignors had made a general assignment for the benefit of creditors.

The order must be affirmed, with ten dollars costs and disbursements.

O'BRIEN, INGRAHAM and MCLAUGHLIN, JJ., concurred; VAN BRUNT, P. J., dissented.

VAN BRUNT, P. J. (dissenting):

I dissent. The actions were different.

Order affirmed, with ten dollars costs and disbursements.