WILNER v. INDEPENDENT ORDER AHAWAS ISRAEL.

(Supreme Court, Appellate Division, First Department.   December 6, 1907.)

COSTS—PAYMENT—STAY OF SUBSEQUENT ACTION.

> Under Code Civ. Proc. § 779, providing that where the costs of a motion in an action are directed to be paid, all proceedings on the part of the party required to pay the same are stayed without further direction of the court until payment thereof, where an action is dismissed on failure of plaintiff to appear and costs are taxed against him, a subsequent action between the same parties on the same cause of action will be stayed until such costs are paid, though the attorney alleges, on information and belief, that plaintiff is pecuniarily unable to pay the costs of the former action, no other excuse for nonpayment being made.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Costs, §§ 1048–1060.]

Appeal from Special Term.

Action by Rachel Wilner against the Independent Order Ahawas Israel.   From an order denying a motion to stay proceedings, defendant appeals.   Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, HOUGHTON, and SCOTT, JJ.

Alfred B. Jaworower, for appellant.

McLAUGHLIN, J.   The plaintiff brought an action in the Municipal Court of the city of New York against the defendant to recover the sum of $500.   Issue was joined, but when the action came on for trial plaintiff did not appear, and the complaint was dismissed on defendant's motion, with $32.41 costs.   No motion was made, so far as appears, to open the default, nor were the costs paid.   Subsequently this action was brought to recover upon the same cause of action. Thereupon defendant moved to stay the prosecution of this action until the costs of the prior action were paid.   The motion was denied and defendant appeals.

Where the costs of a motion in an action are directed to be paid, all proceedings on the part. of the party required to pay the same—except to review or vacate the order—are stayed without further direction of the court, until the payment thereof.   Code Civ. Proc. § 779. This court has held that the same rule should ·be applied to the payment of costs in an action where another action is commenced between the same parties to recover upon the same cause of action.   Ingrosso v. Baltimore & Ohio R. R. Co., 105 App. Div. 494, 94 N. Y. Supp. 177.   This seems to be the general rule (Cuyler v. Vanderwerk, 1 Johns. Cas. 247; Perkins v. Hinman, 19 Johns. 237; Edwards v. Ninth Ave. R. R. Co., 22 How. Prac. 444; Richards v. White, 27 How. Prac. 155; Spaulding v. American Wood Board Co., 58 App. Div. 315, 68 N. Y. Supp. 945; Barton v. Speis, 73 N. Y. 133), and it will be enforced unless special facts are presented which indicate that an exception ought to be made.   The fact that a person is pecuniarily unable to pay the costs of the prior action is not an excuse sufficient to bring the case within the exception.   The reason for this rule is a wholesome one. It has for its basis the fact that, where a party has successfully defend-

ed a prior action, he ought not to be put to the trouble and expense of defending another action predicated upon the same cause of action, until he has been paid the costs awarded to him by the court in the action first commenced. Provision is made in the statute how a person who is pecuniarily unable to prosecute an action may do so as a poor person. Here, it does not appear, except by an allegation of the plaintiff's attorney, which is made upon information and belief, that the plaintiff is pecuniarily unable to pay the costs of the former action. No affidavit is presented, nor is any excuse given by her why she has not paid such costs.

The order appealed from, therefore, must be reversed, with $10 costs and disbursements, and the motion granted, with $10. costs. All concur.

---

(122 App. Div. 505.)

### CUMMINGS v. YATES & PORTERFIELD TRADING CO.

(Supreme Court, Appellate Division, First Department. December 6, 1907.)

CORPORATIONS—STOCKHOLDERS—COMPELLING ACTION BY CORPORATION—SUFFICIENCY OF COMPLAINT.

    McLaughlin and Ingraham, JJ., dissenting.

Appeal from Special Term.

Action by William H. Cummings, suing, etc., against the Yates & Porterfield Trading Company and another. From an interlocutory judgment overruling a demurrer to the complaint, defendant company appeals. Affirmed.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, HOUGHTON, and SCOTT, JJ.