Wilfred A. Waltemade, J.
This is an action in equity wherein plaintiff seeks judgment restraining its former employee, the defendant herein, from violating a covenant against competition contained in a contract of employment dated June 13, 1961.
The action was tried by the court without a jury and findings of fact and conclusions of law were waived.
The court finds the following from all of the credible testimony and the exhibits introduced into evidence; that on or about June 13, 1961, the defendant and David Zwerner and Charles Leyton, all of whom were then engaged in the purchasing business as copartners under the firm name of Purchasing Associates, sold their partnership business to Associated Sales Analysts Inc.; that said agreement provided for the incorporation of plaintiff corporation and that Associated Sales Analysts Inc. would own all of the outstanding stock of plaintiff corporation; that the defendant and his copartners were to receive all of the profits made by the plaintiff corporation in the years 1962, 1963 and 1964 as payment for their interest in the former partnership business; that the plaintiff corporation was duly incorporated on June 13, 1961 and its certificate of incorporation authorized it to engage in the “ purchasing and data processing business ”; that as part of the transaction by which the partnership business was sold, the defendant, David Zwerner and Charles Leyton, on or about June 13, 1961, each executed and signed contracts of employment with the plaintiff corporation at annual salaries of $18,000 each and expenses; that the contract of employment between the plaintiff corporation and the defendant was for a period of two years commencing on October 1, 1961 and expiring on September 30, 1963, and the contract contained the following restrictive covenant: “ 6. Restrictive Covenant. For a period of two years from the date of termination of the employment of Employee, Employee will not within a 300-mile radius of the City of New York, directly or indirectly own, manage, operate, join, control, be employed or participate in the management, operation or control of, or be connected in any manner with any business of the type and character of business engaged in by Company at the time of such termination. ’ ’
*264 The court further finds that pursuant to the terms of an agreement dated September 29, 1961 entered into between plaintiff corporation and Associated Sales Analysts Inc., the plaintiff undertook to and did manage the data processing business of Associated Sales Analysts Inc.; that on October 18, 1962, the defendant unlawfully terminated his contract of employment with the plaintiff corporation; and that thereafter the defendant, in violation of the restrictive covenant, organized and did engage as president with a proprietary interest in Data-Mor Associates Inc., a ‘1 data processing business” firm in competition with the plaintiff corporation.
The defendant urges that the restrictive covenant should not be enforced as his services are not unique and no trade secrets are involved. It has been held that the courts will enforce restrictive covenants where the services of the employee are unique or where trade secrets are involved (Clark Paper & Mfg. Co. v. Stenacher, 236 N. Y. 312; Kaumagraph Co. v. Stampagraph Co., 235 N. Y. 1). In the case at bar there are no trade secrets involved but the court does find from the testimony that the services of the defendant were indeed unique and special. The parties recognized the unusual nature of the defendant’s services in paragraph 10 of the contract of employment, viz.: ‘ ‘ Remedy for Breach. All parties recognize that the services to be rendered under this agreement by employee are special, unique and of extraordinary character ”.
It is true that this court sitting in equity is not bound by the foregoing acknowledgment and description of defendant’s services (Frederick Bros. Artists Corp. v. Yates, 271 App. Div. 69, affd. 296 N. Y. 820), but this recognition together with the testimony of the defendant and the witness, David Zwerner leads the court to the conclusion that the services to be rendered by the defendant were indeed “ special, unique and of extraordinary character ’ ’.
Assuming arguendo that the services of defendant were not in the foregoing unusual category, the plaintiff is nevertheless entitled to a judgment enforcing the restrictive covenant. The court concludes that the contract of sale of the partnership business to the Associated Sales Analysts Inc., coupled with the organization of the plaintiff corporation and the execution and delivery of the contract of employment between the defendant and the plaintiff corporation were all part of a single transaction and were part of one agreement. The rule that covenants which restrain one from entering into certain employment will not be enforced unless the services are special, unique or extraordinary, does not apply where the restrictive covenant is made in con *265 nection with the sale of a business (Goldstein v. Maisel, 271 App. Div. 971). The restrictive covenant in the instant case is reasonable and the plaintiff is consequently entitled to its enforcement (Goldstein v. Maisel, supra; Diamond Match Co. v. Roeber, 106 N. Y. 473).
The further contention by the defendant that this action should be dismissed because it was instituted by plaintiff’s treasurer without the permission of its president and without recourse to its board of directors is without merit. The plaintiff’s board of directors intended to take some legal action against the defendant as evidenced by the resolution adopted at its meeting of October 19, 1962, at which it declared that the contract of employment of defendant was a valuable corporate asset. The president of plaintiff corporation was loyal to his former partner, the defendant herein, and voted to accept defendant’s resignation as an officer, director and employee of plaintiff corporation. It would be unlikely for the president to have instituted this action under such circumstances. The plaintiff corporation’s action to protect its interest should not be defeated by the defendant’s claim that the treasurer had no authority to institute this action.
The plaintiff contends that any injunction which may be issued by this court shall run until September 30, 1965, which is two years after the expiration date of the contract. The restrictive covenant provides that the two-year period shall run from the termination of defendant’s employment. It was the intention of the parties that the defendant would serve as an employee for two years and, as provided in paragraph 10 (Remedy for Breach) of the employment contract that if defendant “ without the written consent of Company leave its employment and perform in the future services for any person, firm or corporation engaged in a similar type of business, then Company shall be entitled, if it so elects, to institute and prosecute proceedings in any court * * * to obtain damages for any breach of this agreement, or to enforce the specific performance thereof by Employee, or to enjoin Employee from performing services for any such other person, firm or corporation during the period herein contracted for ” (emphasis supplied). Where a signatory elects to breach a partially executed contract he cannot be permitted to benefit from his willful act by a delimitation of the period in which his business activities are restricted by the various provisions of the contract of employment. The court finds an unjustifiable quitting by the defendant and he is accordingly enjoined permanently until September 30, 1965 from entering into or continuing in the employ or service or *266 otherwise acting in aid of the business of Spartan and Data-Mor or of any person, firm or corporation engaged in the data processing business, and that the defendant be enjoined from employment as an employee within a 300-mile radius of the City of New York, and shall not directly or indirectly own, manage, operate, join, control, be employed or participate in the management, operation or control of, or be connected in any manner with the data processing business.
The affirmative defenses are dismissed. The third-party complaint is dismissed on consent.