ASSOCIATED SALES ANALYSTS, INC., Appellant, *v.* MORTON WEITZ, Respondent, et al., Defendants.

ASSOCIATED SALES ANALYSTS, INC., Appellant, *v.* MORTON WEITZ, Respondent.

First Department, February 8, 1966.

*Hiram G. Shields* of counsel (*Harold W. Grubart* with him on the brief), for appellant.

*Martin London* of counsel (*Jay H. Topkis* with him on the brief; *Paul, Weiss, Rifkind, Wharton & Garrison,* attorneys), for respondent.

BREITEL, J. The issue is whether two subsequent actions may as a matter of power, and should in the exercise of discretion, be stayed for nonpayment of a bill of costs imposed in a prior action brought by plaintiff's assignor against defendant Weitz. He is the sole defendant in one of the subsequent actions and is only one of several defendants in the other. Plaintiff had succeeded in the prior action on the trial and in this court (19 A D 2d 174, affg. 39 Misc 2d 262); but the Court of Appeals reversed and dismissed the complaint (13 N Y 2d 267). Two questions are involved: first, whether CPLR has changed the common-law rule as to such stays, and, second, whether there is a sufficient similarity between the two subsequent actions and the prior action to warrant a discretionary stay.

Special Term granted the stays and plaintiff appeals. The orders on the consolidated appeals should be modified in the multiple defendant tort action to limit the stay to proceedings against defendant Weitz and both orders should otherwise be affirmed.

Under section 1520 of the old Civil Practice Act the nonpayment of motion and other interlocutory costs subjected the nonpayer to an automatic stay in the action. The section had been derived from the Code of Civil Procedure, and practice codes before that. Its history is excellently detailed in *Matter*

*of Friedman* (166 Misc. 664, WINGATE, S.). But, as pointed out in the *Friedman* case, the discretionary power to stay actions for nonpayment of costs in prior actions had an older common-law origin (2 Bacon's Abridgement [1860 Amer. ed.] 535; 20 C. J. S., Costs, § 426). It was out of that common-law or judicial power that the more limited and automatic statutory stay was carved (*Matter of Friedman, supra,* pp. 667–669; *Barton* v. *Speis,* 73 N. Y. 133; *Wilner* v. *Independent Order Ahawas Israel,* 122 App. Div. 615, 616; *Behrens* v. *Sturges,* 138 App. Div. 537, 538–539).

The stay provision of section 1520 was omitted, when its principal portion was carried into CPLR 5101. The CPLR legislative history, however, is unclear whether the intention with respect to stays to enforce payment of costs extended to the common-law power to stay subsequent actions as distinguished from stays within the same action for nonpayment of interlocutory costs. The Third Preliminary Report of the Advisory Committee (N. Y. Legis. Doc., 1959, No. 17, p. 226) stated that "The portions of section 1520 relating to a stay of proceedings * * * will be treated in the proposed provisions governing costs." The Fourth Report (N. Y. Legis. Doc., 1960, No. 20, p. 226) stated that the cost provision of section 1520 would be omitted in CPLR because, it is said, unlimited execution is now available and motion costs involve only nominal sums seldom collected. The matter is never again referred to in the Fifth and Sixth subsequent reports (N. Y. Legis. Doc., 1961, No. 15; N. Y. Legis. Doc., 1962, No. 8). The Weinstein-Korn-Miller treatise refers to the stay provision in the old statute, pointing out that the 10-day stay and the limitation of the execution to personal property have been dropped, and adding that with unlimited execution available a stay of proceedings is entirely unwarranted (5 N. Y. Civ. Prac., pars. 5101.06–5101.07). Carmody-Wait (23 N. Y. Practice, §§ 302, 303, 304) in its 1965 pocket supplement evidently infers that the elimination of the section 1520 stay had also worked a nullification of the old common-law power to stay actions for nonpayment of costs in a prior action, a matter apparently never discussed anywhere before in the reported several drafting phases of CPLR.

This incomplete legislative history is insufficient to permit inference of a legislative nullification of the common-law or judicial power to stay actions. On the contrary, in the light of the history of the common-law power and the reports of the Advisory Committees for CPLR treating exclusively with interlocutory costs, no such nullification should be implied. As a

matter of policy and practicality, the stay is warranted because executions may be unsatisfiable (for that matter for interlocutory costs, too) and yet an irresponsible litigant might continue to harass his adversary with multiple `actions (e.g., *Barton* v. *Speis*, 73 N. Y. 133, *supra*; *Wilner* v. *Independent Order Ahawas Israel*, 122 App. Div. 615, 616, *supra*; *Behrens* v. *Sturges*, 138 App. Div. 537, 538–539, *supra*; *Matter of Friedman*, 166 Misc. 664, 667, *supra*). Notable, too, is the evident fact that a judgment for costs in a prior action was always enforcible by unlimited execution like any other judgment, and yet the power to stay existed and was exercised. Consequently, it is concluded that the discretionary judicial power to stay for nonpayment of costs in prior actions still exists and should continue.

In describing the common-law power to stay subsequent actions for nonpayment of costs in prior actions it has been characterized as a discretionary power. This is true not only in this State but in others (see Inability to Pay Costs — Second Action, Ann. 156 A. L. R. 956; 20 C. J. S., Costs, § 426, subd. [c]). There is no doubt that the plaintiff in the subsequent action may show extraordinary circumstances to merit withholding of a stay. To some extent the merits of the case, the impecunious status of the litigant, and perhaps other circumstances, may move or deter the exercise of discretion (156 A. L. R. 956, *supra*, esp. New York cases cited at pp. 963–965). Over-all factors always present are, first, that a litigant has a duty to obey a judgment of the court, even if only in a prior action arising out of the same fact complex for the same or a similar wrong, and second, preventing harassing litigation for its own sake. In the instant cases there is a showing of arguable merit but no evidence of hardship if the prior judgment for costs were obeyed (cf. *Schwartz* v. *Minsker Realty Co.*, 166 App. Div. 681). Impecuniousness alone is not enough (*ibid.*; *Wilner* v. *Independent Order Ahawas Israel*, *supra*). But surely, just by way of example, impecuniousness caused by the wrong alleged would cast the matter in a different light (*Merchants' Credit Clearing House Assn.* v. *Dennis*, 143 App. Div. 170).

That plaintiff is an assignee of the plaintiff in the prior action who sustained the judgment for costs prior to the assignment, or that there was some difference in added parties, does not avoid the power to stay (*Barton* v. *Speis*, *supra*; *Spaulding* v. *American Wood Bd. Co.*, 58 App. Div. 314).

There remains only the question of the similarity of actions required to support the granting of a stay. Plaintiff has argued that there must be an identity of causes of action between prior

and subsequent actions before a stay would be warranted. Where the prior judgment is on the merits, and in a limited sense where it is not on the merits, the stay would serve no useful purpose if identity of cause of action were the standard. The defense of *res judicata,* at least when a hearing is not required, would be the basis for terminating the action rather than prolonging its life in suspension by the device of a stay. But to be sure, there has been loose language in the cases referring to the sameness, and even identity, of the causes of action.

Thus, in the *Barton* case (*supra*), the court found that the subsequent action was for " the same causes of action." The *Wilner* case (*supra*) also refers to the " same cause of action." The *Behrens* case (*supra*) was to the same effect. But these cases on their facts are simply a fortiori applications of the principle (see 20 C. J. S., Costs, § 426, subd. f).

In the *Spaulding* case (*supra*) where the issue was faced, it was stated flatly that there was no need to have an identity of subject matter. It was held that a subsequent action for damages for breach of a guarantee would be subject to a stay for nonpayment of costs in a prior action to foreclose a factor's lien in which the prior court had held that plaintiff was an owner of the goods under a guarantee and not a factor. (Cf. *Weidenfeld* v. *Pacific Improvement Co.,* 101 F. 2d 699, 700, per AUGUSTUS N. HAND, J., using standards of " substantially the same relief " and " relating to the same subject matter ".)

Surrogate WINGATE, in the *Friedman* case (*supra,* p. 671), summarized the test as follows: " the authorities are uniform to the effect that the test of applicability of the principle is as to whether determination of the two controversies, involves, in substance, an examination of the same considerations. It will be applied if the later suit ' seems to be a mere attempt by a change of the scheme of the action and the form in which it is instituted, to accomplish a result which has heretofore been attainable.' (*Sprague* v. *Bartholdi Hotel Co.,* 68 Hun, 555, 556.) It is not necessary that there should ' be complete identity of the subject-matter of both actions ' (*Spaulding* v. *American Wood Board Co.,* 58 App. Div. 314, 315) so long as the ultimate object sought is substantially the same." Earlier, he had noted (p. 670) that nonpayment of costs in an equity action had resulted in the stay of a subsequent action at law based on the " same underlying situation."

Since the power to stay is discretionary it is not essential that the test for its application be one of maximum exactness in comparing prior and subsequent actions. It is enough if the test provide a basis with an intelligible standard for the exer-

cise of discretion. Any imperfection in the test may be controlled to prevent injustice in the discretionary consideration of the particular case, with the standard in mind. Part of the test suggested by Surrogate WINGATE in the *Friedman* case (*supra*) on its face does not provide one with an entirely satisfactory standard, because it refers one to the "same considerations" without otherwise identifying or isolating them. The "same cause of action" test is either wrong or involves another ambiguous use of that troublesome phrase.

The cases, especially the *Friedman* and *Sprague* cases (*supra*) suggest a permissible articulation of the rule: the common-law discretionary power to stay will be available if the second action has the purpose of seeking some form of relief, previously available, for the same or substantially the same conduct in the same sequence of events regardless of the form of action or the legal categories in which the conduct may be classified. With this as a standard the present case provides an instance for affirmative exercise of the power.

In the prior action plaintiff's assignor sought to enjoin defendant Weitz from competing with it in the data-processing business. Plaintiff's assignor prevailed at Special Term and in this court, where the restrictive covenant upon which the action was based was held to be a reasonable one, made in connection with the sale of a business (*Purchasing Assoc.* v. *Weitz*, 19 A D 2d 174, affg. 39 Misc 2d 262). The Court of Appeals reversed and dismissed the complaint (13 N Y 2d 267). Although the written agreement containing the restrictive covenant was purportedly one for the sale of a business, the Court of Appeals looked beyond what it characterized as the "label" and held that the agreement was merely one for employment (p. 273). It then ruled that the nature of the employment could not sustain such a restrictive covenant (p. 274). A judgment for costs in the amount of $3,349.68 in favor of defendant Weitz against plaintiff's assignor ensued.

The present actions, as described by plaintiff, are to recover damages for a conspiracy to induce defendant Weitz to breach his employment contract, his refusal to continue in the employment of plaintiff's assignor, and the diversion by defendants of customers of plaintiff's assignor. On this statement, it is concluded that the subsequent and prior actions arose from the same or substantially the same conduct in the same sequence of events. The only difference is that plaintiff's assignor sought to obtain injunctive relief in the first action to prevent the continuance of the breaches under a particular but unenforcible covenant in the agreement. In the present cases, on the other

hand, plaintiff seeks to recover damages, in one against defendant Weitz and joint tort-feasors, and in the other against defendant Weitz alone flowing from substantially the same conduct under other covenants, express or implied, of the agreement. The remedies were previously available.

No showing was made by plaintiff or issue raised that in justice the stay, assuming defendant Weitz is entitled to one, should not inure to the benefit of the other joint tortfeasant defendants, or that its present claim against Weitz in the tort action is separable from that against the other defendants. Although the only defendant in the tort action who moved for a stay was defendant Weitz, the order is general in form and bars plaintiff without limitation as to parties. Defendant Weitz offered no views on the matter, and there is no showing that the stay, in justice, should inure to benefit of the other joint tortfeasant defendants. Under the circumstances, the order in the tort action should be limited to stay the action only as to defendant Weitz (*Buckley* v. *112 Central Park South,* 35 Misc 2d 129, MATTHEW M. LEVY, J.).

Accordingly, the order granting the stay in the tort action should be modified, on the law, on the facts, and in the exercise of discretion, to limit the stay to proceedings against defendant Weitz, and the orders in both actions should otherwise be affirmed, without costs and without disbursements.

BOTEIN, P. J., VALENTE, EAGER and STEUER, JJ., concur.

Order, entered on February 26, 1965, granting the stay in the tort action unanimously modified, on the law, on the facts, and in the exercise of discretion, to limit the stay to proceedings against defendant Weitz, and the orders in both actions are otherwise affirmed, without costs and without disbursements. Settle order on notice.