### SKEELS v. BODINE et al.

(Supreme Court, Appellate Division, Second Department. January 17, 1902.)

REFORMATION OF INSTRUMENTS—ACTIONS—STAY.

An action was for the reformation of a contract and for a money judgment. The court, in refusing to reform the contract, declined to pass on the demand for damages, and dismissed the complaint "without prejudice to an action at law on the written contract." *Held*, that an action afterwards brought on the contract was not vexatious, and. would not be stayed until plaintiff had paid the costs of the former action.

Appeal from special term, Kings county.

Action by Alfred Skeels against Peter Bodine and others. From an order staying plaintiff's proceedings until the payment of costs awarded in another action, he appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

H. Huffman Browne, for appellant.

Charles Fox, for respondents.

WILLARD BARTLETT, J. It does not seem to me that the defendants made out a case for a stay of proceedings. The main purpose of the New York county action was to procure a reformation of the written contract between the parties. It is true that the complaint in that suit also demanded a money judgment, but the court, in refusing to reform the agreement, declined to pass upon this demand for pecuniary damages. Mr. Justice Kellogg expressly declared in his formal decision that he could not "properly, under present allegations of the complaint, try issues which might be formed under a complaint alleging the written contract as it is." He therefore directed a dismissal of the complaint in the New York county action "without prejudice to an action at law on the written contract." The present suit is precisely the sort of action which the learned judge thus declared that the plaintiff should have liberty to bring unprejudiced by the result of the litigation in the county of New York. If the words "without prejudice" are to be given any effective meaning beneficial to the plaintiff, they must be held to import that he is at liberty to institute and proceed with the action now before us just as freely as though there never had been any lawsuit between the parties in New York county at all. It can hardly be held that a judgment does not operate to the prejudice of a defeated plaintiff, so far as the institution of another suit is concerned, if it has the effect of preventing him from prosecuting such a suit.

Apart from any other question arising on this appeal, I think that the phraseology of the decision in the New York county suit, to which I have called attention, should prevent us from regarding the present litigation as vexatious, and renders it proper that the appellant should be allowed to proceed with this action, notwithstanding the nonpayment of costs in the New York county action.

Order reversed, with $10 costs and disbursements, and motion for stay denied, with costs. All concur.