## MAASS v. ROSENTHAL.

(Supreme Court, Appellate Division, First Department.　April 10, 1908.)

**1. JURY—RIGHT TO JURY TRIAL—WAIVER.**

Where, in a suit to set aside a conveyance of real estate on the ground of fraud, it appeared that there was no ground for equitable relief when the suit was commenced because of the conveyance of the land by the grantee, the court sitting in equity had no jurisdiction, and could only retain the action and award money damages by such consent of defendant as constituted a waiver of his right to a jury trial.

**2. CANCELLATION OF INSTRUMENTS—RELIEF—DAMAGES—THEORY.**

Even if the court in a suit to set aside a conveyance of real estate on the ground of fraud was warranted in continuing the trial and awarding money damages, though it could not grant the relief demanded because of transfers of title by the grantee, it could render judgment only for the damages sustained by the grantor on the theory of a failure to obtain a rescission because of the transfer of the land, which damages would be measured by the value of his equity in the land at the time of the conveyance, together with incidental proximate damages, minus the benefits received.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Cancellation of Instruments, § 118.]

**3. DEEDS—VALIDITY—FRAUD—EVIDENCE.**

In a suit to set aside a conveyance on the ground of the fraud of the grantee, evidence of the condition, value, and ownership of the property delivered by the grantee to the grantor in consideration for the conveyance was competent.

**4. JURY—RIGHT TO JURY TRIAL—WAIVER.**

Where the court, in a suit to set aside a conveyance of real estate on the ground of fraud, could not grant the relief demanded because the grantee had transferred the title, but retained the action to award money damages, the failure of the grantee to object to evidence of the condition, value, and ownership of the property delivered by him to the grantor in consideration of the conveyance did not amount to a consent to a change of the cause of action from one in equity for rescission to one at law for damages for fraud on the theory of an affirmance of the transaction by the grantor.

**5. CANCELLATION OF INSTRUMENTS—PARTIES—DEFECT—DISMISSAL.**

A suit to set aside a conveyance of real estate on the ground of the fraud of the grantee must be dismissed on it appearing that the grantee had parted with title before the commencement of the action to parties not brought in as defendants, on the theory that they had notice of the fraud and took title to aid the grantee in retaining the fruits of the fraud.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Cancellation of Instruments, § 63.]

**6. VENDOR AND PURCHASER—RESCISSION—CONDITION PRECEDENT.**

A grantor conveyed real estate to the grantee, who delivered to the grantor personal property in consideration thereof. The grantor used a part of the personalty, and the grantee conveyed the premises to third persons. *Held*, that neither party could rescind, since neither could tender back what had been received, and the court could not award the grantor damages on the theory of a rescission.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Purchaser, § 163.]

**7. ACTION—NATURE—ERROR AS TO FORM.**

Where it appears that the entire theory of a suit in equity must be changed to warrant a recovery at law, the court need not send the case to the calendar of jury issues, but should dismiss the complaint with or

without costs, according to the circumstances under which plaintiff fell into error in bringing suit for equitable relief, and leave plaintiff to his remedy at law.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Action, §§ 312, 313.]

Appeal from Special Term.

Action by Sophie Maass against Marcus A. Rosenthal. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGH-LIN, CLARKE, and HOUGHTON, JJ.

Arnold C. Weil, for appellant.
Daniel W. Blumenthal, for respondent.

LAUGHLIN, J. This is a suit in equity to set aside a conveyance of three parcels of land, with the buildings thereon, in the borough of the Bronx, in the county of New York, made by plaintiff to defendant on the 26th day of September, 1904, pursuant to a contract therefor in writing made on the 16th day of the same month, on the ground that the execution of both contract and deed by plaintiff were induced by false and fraudulent representations made to her by the defendant, and for an accounting for rents and profits collected and realized by the defendant since such conveyance. The consideration for the contract and conveyance was an agreement to sell and assign by bill of sale and the execution and delivery to plaintiff of a bill of sale of six car loads of lumber. The alleged false representations were with respect to the ownership, quality, and value of the lumber. Plaintiff alleges that defendant represented that the lumber was all oak of the value of $60 per 1,000 feet; that the six cars contained not less than 90,000 feet, and that it was owned by one Joseph Fleischman, from whom defendant was to and did procure the bill of sale to plaintiff, but that the lumber, instead of being oak, was maple and mixed woods of different varieties, greatly inferior in value to oak, and not worth more than $20 per 1,000 feet; that the total quantity of lumber in the six cars did not exceed 60,000 feet; that one car load thereof was not owned by said Fleischman, and that the bill of sale from him assigned no title thereto. It is further alleged in the complaint that, before discovering the falsity of said representations, plaintiff used one car load of said lumber, which consisted of only 5,000 feet, of the value of $450, and that prior to the commencement of the action, and within a reasonable time after discovering that the representations were untrue, plaintiff offered to return to defendant the other five car loads of lumber, and tendered to defendant $450 being the value of the lumber so used, and demanded a reconveyance, all of which were refused. The defendant in his answer admits the conveyance, but denies all other material allegations of the complaint, and alleges that prior to the commencement of the action he had conveyed the premises for good and valuable considerations to other parties to the knowledge of the plaintiff, and "that this court has no jurisdiction of the subject-matter of this action," and demands that the complaint be dismissed.

When the cause was moved for trial, counsel for defendant moved that the complaint be dismissed on the ground that the court had not jurisdiction of the subject-matter of the action, in that on the facts alleged plaintiff was not entitled to equitable relief, because she had not rescinded, and, after using a car load of the lumber, could not rescind, and was therefore only entitled to damages for a breach of the contract. The motion was denied, and counsel for defendant duly excepted. Before plaintiff rested her case it appeared that defendant had conveyed one of these three parcels of land prior to the commencement of the action, and it was practically conceded that he had also separately conveyed the other parcels before that time, but that one of such conveyances was not recorded until about one hour after the notice of pendency of this action had been filed. At the close of the evidence offered by plaintiff, counsel for defendant again moved to dismiss the complaint on the same and other grounds, among which were ratification by use of part of the lumber and a failure of proof of a proper tender for rescission. The motion was denied, and defendant duly excepted. The defendant then showed, among other things, that conveyances of all of the premises had been executed and delivered and possession delivered to the purchasers by him before the commencement of the action. On these facts appearing, the court intimated that plaintiff was not entitled to recover, whereupon counsel for plaintiff argued that his client did not know when she commenced the action that defendant had parted with title—it appears that she had such knowledge as to two of the parcels—and, since one of the deeds had not been recorded, the court had jurisdiction, and could retain it and award a money judgment for damages. The court had previously expressed a decided opinion, to the effect that her want of knowledge of the conveyance was not a controlling fact, but, without further discussion or expressing any further issues after this claim was thus made, the court directed counsel for plaintiff to proceed with his case. The plaintiff received all of the lumber excepting one car load, title to which was in dispute. She used one car load. It is assumed in the decision that she returned the other four car loads to defendant, but the record does not show this, nor does it show on the question of tender anything more than a mere informal notice to defendant that he would have to take the lumber back, and an offer, without tendering the money, to pay defendant $250.05 if he would reconvey the houses. She has recovered a judgment for damages, based, not on the difference between the value of the lumber if it had all been delivered and had been as represented and the value of the lumber which was delivered to her, but for the value of the four car loads delivered to her and claimed to have been returned and of the car load not delivered, on the theory that each contained 12,000 feet of lumber worth $35 per 1,000. It is virtually conceded by the learned counsel for the respondent that the damages have been awarded on an erroneous theory, but he claims that the evidence on the proper theory would sustain a recovery, and, if not, that we should allow her to stipulate to reduce. The recovery has been for damages for breach of the contract on the theory of affirmance, while the action was brought on the theory of rescission for fraud. It appearing that

there was no ground for equitable relief when the action was commenced, the court of equity had no jurisdiction, and could only retain the action and award money damages by such consent of the defendant as would constitute a waiver of his right to a jury trial. Assuming that the failure of the defendant to object to the court assessing the damages or to demand a jury trial warranted the court in continuing the trial, yet it would, at most, justify the court in awarding damages on the theory of rescission on account of the inability of the court, owing to the transfers of title by defendant, to restore title to plaintiff, that being the relief she demanded, on the theory of rescission. If, in other words, defendant is to be deemed to have consented to the continuance of the action as a suit in equity, he only subjected himself to a judgment for the damages sustained by plaintiff on account of not getting her title back which would be measured by the value of her equity in the land at the time she conveyed it, to which might, perhaps, be added certain other incidental proximate damages, and from which would be deducted any benefits she received; but on that theory the value of the lumber would only be material on the question of fraud, or, to the extent plaintiff had received and was to be permitted to retain it, in mitigation of her damages. The evidence as to the conditions and the value of the lumber and its ownership was competent on the theory of the complaint as bearing on the question of fraud upon which rescission was predicated. The failure of defendant to object to such evidence cannot, therefore, be deemed a consent to have the cause of action changed from one in equity for rescission to one at law in affirmance of the contract, and to recover the damages sustained by the false and fraudulent representations.

In no view of the case, therefore, can the recovery be sustained. We deem it proper to observe in granting a new trial that since the complaint was clearly framed in equity and for equitable relief only on the theory of rescission, the court should have dismissed the complaint on its appearing that defendant had parted with title before the commencement of the action to parties who have not been brought in as defendants on the theory that they had notice of defendant's fraud, and took title to aid him in retaining the fruits of it. Here neither party was in a position to rescind; for neither could tender back what had been received. The court could not therefore award plaintiff damages on the theory of rescission for plaintiff could not rescind in toto, and has no right to rescind in part. Pryor v. Foster, 130 N. Y. 171, 29 N. E. 123. Where, as here, it appears that the entire theory of the action must be changed to warrant a recovery at law, the court need not send the case to the calendar of jury issues, but should dismiss the complaint with or without costs, according to the circumstances under which the plaintiff fell into error in bringing suit for equitable relief, and leave the plaintiff to his remedy at law in an action brought on a proper theory supported by appropriate allegations for such relief.

It follows that the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.