### PODALSKY et al. v. IRELAND.

(Supreme Court, Appellate Division, First Department. March 11, 1910.)

1. LANDLORD AND TENANT (§ 129*)—BREACH OF CONTRACT BY LESSOR—EVIDENCE.

    Evidence *held* not to show a breach of agreement by a lessor to give lessees possession.

    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 452; Dec. Dig. § 129.*]

2. LANDLORD AND TENANT (§ 128*)—PERFORMANCE BY LESSOR—POSSESSION OF PREMISES.

    Though lessor is bound to give lessees the right to possession, he is not obliged physically to put them in possession.

    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 448, 449; Dec. Dig. § 128.*]

3. LANDLORD AND TENANT (§ 129*)—BREACH OF CONTRACT BY LESSOR—DAMAGES RECOVERABLE.

    In an action by lessees for lessor's failure to give them possession, they are only entitled to recover the difference between the rent reserved and the rental value of the premises and any necessary expenses within the contemplation of the parties incurred in preparing for occupation; and they could not recover the sum paid by them during the term of the lease for electric lights, which under the terms of the lease defendant should have furnished free.

    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 453; Dec. Dig. § 129.*]

Appeal from Trial Term, New York County.

Action by Jacob Podalsky and another against John B. Ireland. From a judgment for plaintiffs, defendant appeals. Reversed.

See, also, 110 App. Div. 866, 96 N. Y. Supp. 1142.

Appeal from a judgment entered upon a verdict directed by the court in an action brought to recover damages for a failure of the defendant as lessor to give the plaintiffs possession of certain premises which it is claimed the plaintiffs leased from the defendant for the term of three years from the 1st day of May, 1905. The agreement of lease was entered into between the plaintiffs and the defendant's son, acting as agent for the defendant under a written power of attorney, which gave authority to lease for a period of two years only. There is evidence, however, tending to show a general agency. The lease provided for the making by the lessor of certain alterations, that the demised premises should be ready for occupancy on April 15, 1905, and that the lessees should have the privilege of occupying the same from that date until the 1st of May, 1905, free of charge. The only evidence to show a breach by the defendant was the testimony of one of the plaintiffs to the effect that on April 13th the premises were fitted up for cold storage (that was

---

*For other cases see same topic & §·NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

evidently the situation when the lease was made); that on the 1st of May he went to take possession, and found the door locked; and that a day or two before that he had had a conversation with a gentleman, not named, who told him that he could not get the place. The lease provided that the defendant should furnish free electric current for lighting the premises. The plaintiffs were allowed to prove the sum paid by them for electric lighting during the three years following May 1, 1905, and that sum was included in the judgment.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

Isaac Josephson, for appellant.

Max D. Steuer, for respondents.

MILLER, J. We shall assume that there was sufficient evidence of the general agency of the defendant's son, and that the agreement of lease was binding upon the defendant; but there is no evidence whatever to show a breach of that agreement by the defendant. By it the defendant agreed to have the premises ready for occupancy on the 15th of April; but there is no evidence whatever that he did not perform that agreement. The mere fact that the plaintiffs found the door locked on the 1st of May does not prove that they were kept out of possession by any act of the defendant. Of course, the defendant was obliged to perform his covenants; and if he failed to have the premises ready for occupancy, as he agreed, he would doubtless be liable for the damages caused by the breach. While he was bound to give the plaintiffs the right to possession, he was not obliged physically to put them in possession. Smith v. Barber, 96 App. Div. 236, 89 N. Y. Supp. 317; Trull v. Granger, 8 N. Y. 115. What some stranger may have said to the plaintiffs was not evidence against the defendant.

Moreover, the plaintiffs were only entitled to recover the difference between the rent reserved in the lease and the rental value of the premises, and any necessary expenses incurred in preparing for occupation of the premises, which were within the contemplation of the parties. Friedland v. Myers, 139 N. Y. 432, 34 N. E. 1055. Of course, rental value would have to be determined with reference to all of the privileges which the lessee was to enjoy; but there was no basis whatever for allowing a recovery for what the plaintiffs actually paid for electric lights during the period covered by the lease.

The judgment should be reversed, and a new trial granted; costs to appellant to abide event. All concur.