BEHRENS v. STURGES et al.

(Supreme Court, Appellate Division, Second Department. May 26, 1910.)

COSTS (§ 277*)—STAY OF SUBSEQUENT SUIT UNTIL PAYMENT.
Action for broker's services should be stayed until his payment of costs of a previous suit to establish a lien or for an accounting on account of such services, which suit was dismissed on the merits; the difference in the forms of action being immaterial.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 1048–1060; Dec. Dig. § 277.*]

Appeal from Special Term, Westchester County.

Action by Margaretha Behrens against Sarah S. S. Sturges and others. From an order denying a stay of proceedings until payment of costs, defendants appeal. Reversed and motion granted.

Argued before WOODWARD, JENKS, BURR, THOMAS, and CARR, JJ.

Morgan M. Mann, for appellants.

Robert L. Turk, for respondent.

WOODWARD, J. The defendants appeal from an order denying a motion for a stay of proceedings by the plaintiff in this action until the costs awarded to the defendant in a prior action between the same parties shall have been paid.

In 1907 the plaintiff brought an action in the Supreme Court, New York county, seeking to obtain an equitable lien upon the property described in the complaint; or, if the property had been conveyed by the defendants, an accounting between the plaintiff and the defendants, and payment by the defendants to the plaintiff of such sums as might be found to be due to the plaintiff for certain services alleged to have been rendered by the plaintiff, as a real estate broker, at the request of one Benjamin I. H. Trask, deceased, of whom the defendants were alleged to be the only surviving next of kin and heirs at law. The trial court dismissed the complaint upon the merits, with costs to the defendants. Subsequently, in October, 1909, the plaintiff brought an action at law in Westchester county demanding judgment against the defendants for $131,800 for the same services. The costs awarded to the defendants in the New York county action have not been paid.

The rule which must govern in the disposition of this appeal is thus stated by Mr. Justice McLaughlin in Wilner v. Independent Order Ahawas Israel, 122 App. Div. 615, 107 N. Y. Supp. 497:

"Where the costs of a motion in an action are directed to be paid, all proceedings on the part of the party required to pay the same—except to review or vacate the order—are stayed without further direction of the court until the payment thereof. Code Civ. Proc. § 779. This court has held that the same rule should be applied to the payment of costs in an action where another action is commenced between the same parties to recover upon the same cause of action. Ingrosso v. Baltimore & Ohio R. R. Co., 105 App. Div. 494, 94 N. Y. Supp. 177. This seems to be the general rule (Cuyler v. Vanderwerk, 1 Johns. Cas. 247; Perkins v. Hinman, 19 Johns. 237; Edwards v. Ninth Ave. R. R. Co., 22 How. Prac. 444; Richards v. White, 27 How. Prac. 155; Spaulding v. American Wood Board Co., 58 App. Div. 314, 68 N. Y. Supp. 945; Barton v. Speis, 73 N. Y. 133), and it will be enforced unless special facts are presented which indicate that an exception ought to be made. * * * The reason for this rule is a wholesome one. It has for its basis the fact that, where a party has successfully defended a prior action, he ought not to be put to the trouble and expense of defending another action predicated upon the same cause of action until he has been paid the costs awarded to him by the court in the action first commenced."

The order denying the defendants' motion was made upon the authority of Maass v. Rosenthal, 62 Misc. Rep. 350, 115 N. Y. Supp. 4, and Skeels v. Bodine, 68 App. Div. 217, 73 N. Y. Supp. 1093. In these cases stays of proceedings in second actions were refused on the ground that the prior actions were in equity and the subsequent ones at law. Maass v. Rosenthal was an action at law to recover damages for deceit claimed to have been practiced by the defendant upon the plaintiff in a transaction involving the exchange of real estate for lumber. The plaintiff had brought a prior action to set aside certain con-

veyances of land to the defendant upon the ground of alleged false representations made by him in regard to the lumber. At the trial of the first action it appeared that the defendant had conveyed the land to other parties who were not made parties defendant, and that the plaintiff was not therefore entitled to equitable relief. The Special Term, however, awarded the plaintiff a money judgment for the amount of the damages proven. It was held on appeal from this judgment to the Appellate Division, First Department, that the complaint should have been dismissed, with or without costs, leaving "the plaintiff to her remedy at law in an action brought on a proper theory supported by appropriate allegations for such relief." Subsequently the Special Term made an order dismissing the complaint, with costs. The costs were not paid prior to the commencing of the action at law. A motion to stay proceedings in the second action was denied. That case does not aid the plaintiff. The judgment was reversed for an error of the Special Term. The plaintiff was remitted, by direction of the court, to her action at law. The second action could not, therefore, be termed vexatious. The bringing of the first action without bringing in all necessary parties defendant was not the fault of the plaintiff, but that of the defendant who had conveyed the land. In this case the complaint was dismissed on the merits. The parties in the two actions are the same, and the facts alleged and the relief demanded are in effect substantially identical.

In Skeels v. Bodine an order staying the plaintiff's proceedings until payment of costs in a prior action had been paid was reversed upon the ground that the complaint in that action had been dismissed "without prejudice to an action at law on the written contract." "If the words 'without prejudice,'" said Mr. Justice Bartlett, writing the opinion in that case "are to be given any effective meaning beneficial to the plaintiff, they must be held to import that he is at liberty to institute and proceed with the action now before us just as freely as though there never had been any lawsuit between the parties in New York county at all." The complaint in this case was not dismissed "without prejudice," nor with any suggestion by the court that the plaintiff have recourse to an action at law. The bringing of the second action was her own voluntary act. In her second complaint she alleges no new matter of consequence. Before proceeding further, she should comply with the terms of the former judgment.

The distinction between actions at law and suits in equity has been abolished. There is no reason why any distinction should be made between the two forms of action in applying the rule involved in this appeal.

The order should be reversed, with $10 costs and disbursements, and the motion for stay granted. All concur.