MERCHANTS' CREDIT CLEARING HOUSE ASS'N v. DENNIS.

(Supreme Court, Appellate Division, Second Department. February 24, 1911.)

1. JUDGMENT (§ 956*)—FORMER ADJUDICATION—PRESUMPTION.
    Where an action in equity was dismissed, the presumption is that it was not upon the merits, where it was not specifically so stated, and the words "without prejudice to an action at law" are implied.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1822; Dec. Dig. § 956.*]

2. COSTS (§ 277*)—PAYMENT OF COSTS IN FORMER ACTION—STAY OF PROCEEDINGS.
    In an action at law by the same plaintiff against the same defendant in a former action in equity, which had been dismissed, when the affidavit of the plaintiff showed that he was reduced to a situation by the defendant's acts that made it impossible for him to pay the cost of the former action, and there was nothing in the record to show that the litigation was vexatious, it was not an abuse of discretion to deny the defendant's motion to stay further proceedings until such costs were paid.
    [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 1048–1060; Dec. Dig. § 277.*]

Appeal from Special Term, Richmond County.

Action by Merchants' Credit Clearing House Association against M. Frank Dennis. From an order of the Special Term, denying defendant's motion for an order staying further proceedings until costs of a former action between the parties were paid, defendant appeals. Affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

James S. Darcy, for appellant.
Charles Trosk, for respondent.

RICH, J.  The learned justice at Special Term followed the ruling of this court in Skeels v. Bodine, 68 App. Div. 217, 73 N. Y. Supp. 1093, and was clearly right.  The first action was brought in equity against the defendant, its president, director, and general manager, for misfeasance in office, and the relief sought was, first, an accounting; second, damages; third, a return to plaintiff of all its assets, books, furniture, securities, and other property in his possession; and, fourth, for such other relief as was proper.  This action is at law to recover damages for defendant's alleged wrongful acts, which are alleged substantially the same as in the former action.  The parties do not agree as to the ground upon which the court dismissed the complaint in the first action; the plaintiff contending that it was because defendant demanded a jury trial as matter of right, and defendant that it was because the action was brought under the provisions of former Code section 1781, and that plaintiff was not one of the persons authorized by section 1782 to bring or maintain the action.  The fact is not disputed, however, that the action was not disposed of upon the merits.

While it is true that in the Skeels Case the complaint was dismissed without prejudice to an action at law on the written contract, whereas in the case at bar leave to sue over was not expressly given, the effect of such an omission was considered in Maass v. Rosenthal, 62 Misc. Rep. 350, 115 N. Y. Supp. 4, affirmed 132 App. Div. 902, 116 N. Y. Supp. 1140, and it was held that the rights of the parties were nevertheless the same as in the Skeels Case.  The words "without prejudice to an action at law" in such a case are necessarily implied, for the reason that the presumption always is that a judgment dismissing a complaint is not upon the merits unless it is specifically so stated.

There is nothing in the record tending to show that the plaintiff is vexatiously pursuing the defendant with unnecessary litigation.  Plaintiff's legal rights have not as yet been considered upon the merits, and it has the right to have them so considered.  The complaint and affidavit submitted in opposition to the motion aver that the defendant by his wrongful acts has divested plaintiff of all of its property, and reduced it to a situation where it is wholly without funds, because of which it is impossible to pay the costs of the former action.  Upon this showing we see no reason to interfere with the discretion of the Special Term.

The order must be affirmed, with $10 costs and disbursements.  All concur.