## SIMON v. BIERBAUER.

(Supreme Court, Appellate Division, First Department. January 3, 1913.)

1. PLEADING (§ 350*)—MOTION FOR JUDGMENT.

Where a party moves for judgment upon the pleadings, the allegations in his adversary's pleadings are to be accepted as true for the purposes of the motion.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1053, 1054, 1070–1077; Dec. Dig. § 350.*]

2. ACTION (§ 53*)—SPLITTING CAUSE OF ACTION.

Where goods are sold on installments, and all installments are due, the seller cannot maintain separate actions on the various installments.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 549–623; Dec. Dig. § 53.*]

3. JUDGMENT (§ 654*)—CONCLUSIVENESS—MATTERS CONCLUDED.

While a default judgment is conclusive as to matters which are necessarily determined, a default against defendant who counterclaimed is not conclusive as to the issues raised by the counterclaim, where that issue was simply dismissed.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1165; Dec. Dig. § 654.*]

Appeal from Special Term, New York County.

Action by Nathan Simon against Bruno W. Bierbauer. From an order granting plaintiff's motion for judgment on the pleadings, defendant appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Joseph A. Burdeau, of Brooklyn, for appellant.
David L. Podell, of New York City, for respondent.

McLAUGHLIN, J.   The complaint alleges that on December 21, 1909, the Edinborough Publishing Company, plaintiff's assignor, entered into a contract with the defendant, by which it sold and delivered to him a set of books at the agreed price of $2,400, of which $130 was paid upon delivery, and the balance agreed to be paid in installments of $130 each on the 1st day of each succeeding month until the whole sum should be paid; that the installments due on the 1st of January and February, 1910, were paid, but those for the four succeeding months were not; that plaintiff, on June 14, 1910, brought an action in the City Court of the city of New York to recover a judgment for such installments; that it had a recovery, and the judgment has since been paid.  The present action is brought to recover the balance of the installments, viz., $1,490, with interest.  Annexed to and made a part of the complaint are the pleadings in the action in the City Court, including the contract there sued on.  The answer of the defendant in the City Court, besides denying certain allegations of the complaint, set up facts by way of defense and as a counterclaim for damages alleged to have been sustained, for which judgment was demanded.  A reply was served in that action, which put in issue all of the allegations of the counterclaim.  The defendant did not appear at the trial in the City Court action, and the plaintiff took judgment for the amount demanded.

[1, 2] In the present case the defendant interposed an answer, in which he admitted the recovery of the judgment in the City Court, and alleged: That the contract, as pleaded in the complaint, was not the one entered into between the parties.  That the contract contained a provision:

"That in case defendant failed to meet any payment within sixty days after the same became due, said failure would cause the total unpaid balance of the full price of said set of books to become due and payable."

And that the recovery of the judgment in the City Court, all of the installments under the contract being due, was a bar to the recovery of the installments here sued on.  The answer also set up, by way of counterclaim, substantially the same facts that were pleaded as a counterclaim in the City Court action.  After issue had been joined, the plaintiff moved for judgment on the pleadings, on the ground that the judgment rendered in the City Court action settled in his favor all of the issues sought to be raised by the defendant.  The motion was granted, and defendant appeals.

I think the court erred in granting the judgment.  If the contract between the defendant and plaintiff's assignor was as is claimed by the defendant—and for the purposes of the motion it had to be accepted as true—then all of the installments, at the time the action was commenced in the City Court, were due, and the plaintiff had to recover all of them, if at all.  He could not recover four installments and thereafter bring another action to recover the others; and this under the well-settled rule that a plaintiff cannot split up an existing cause

of action by suing for some installments and reserving for future action others, which are already due. Kennedy v. City of New York, 196 N. Y. 19, 89 N. E. 360, 25 L. R. A. (N. S.) 847; Pakas v. Hollingshead, 184 N. Y. 211, 77 N. E. 40, 3 L. R. A. (N. S.) 1042, 112 Am. St. Rep. 601, 6 Ann. Cas. 60; Secor v. Sturgis, 16 N. Y. 548; Goldberg v. Eastern Brewing Co., 136 App. Div. 692, 121 N. Y. Supp. 465. Here was an issue which had to be disposed of upon the trial, and it could not be summarily disposed of on a motion for judgment on the pleadings. Emanuel v. Walter, 138 App. Div. 818, 123 N. Y. Supp. 491.

[3] I am also of the opinion that the counterclaim which had been put in issue by a reply had to be disposed of before judgment could be granted. While the facts upon which it is predicated are substantially the same as those pleaded in the City Court, that judgment did not dispose of it, since the defendant defaulted at the trial. Defendant's default does not, of course, render the former judgment less conclusive as to all matters which were necessarily determined in awarding plaintiff judgment (Brown v. Mayor, 66 N. Y. 390; Reich v. Cochran, 151 N. Y. 122, 45 N. E. 367, 37 L. R. A. 805, 56 Am. St. Rep. 607); but there was no investigation upon the merits of the counterclaim. That was simply dismissed, and such dismissal did not, in and of itself, thereafter prevent defendant from recovering upon it. Honsinger v. Union Carriage & Gear Co., 175 N. Y. 229, 67 N. E. 436; Knickerbocker Trust Co. v. C. C. & R. S. R. Co., 188 N. Y. 38, 80 N. E. 568; Barber v. Ellingwood, 137 App. Div. 704, 122 N. Y. Supp. 369. It was in effect a nonsuit.

Upon both grounds, therefore, I think the motion for judgment on the pleadings should have been denied.

It follows the order appealed from is reversed, with $10 costs and disbursements, and the motion for judgment denied, with $10 costs. All concur.