## STEEL v. HOLTZER.

(Supreme Court, Appellate Term, First Department. December 11, 1913.)

1. APPEAL AND ERROR (§ 781*)—DISMISSAL—WANT OF ACTUAL CONTROVERSY.

Where an appeal from an order in summary proceedings awarding possession of premises to the landlord for default in payment of a prior installment of rent was affirmed, the validity of a second order granting the same relief was an academic question, the determination of which would not change the status of the parties, and which would therefore be dismissed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 63–80, 3122; Dec. Dig. § 781.*]

2. JUDGMENT (§ 652*)—CONCLUSIVENESS—MATTERS CONCLUDED.

A tenant's default at the trial had in a former summary proceeding for possession was equivalent merely to a nonsuit, and was not conclusive of any cause of action asserted by the tenant's counterclaim on the ground of the landlord's fraudulent representations.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1148; Dec. Dig. § 652.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Sam W. Steel against Max Holtzer. From a final order in summary proceedings awarding possession of the premises to the landlord on account of defendant's failure to pay rent, the tenant appeals. Dismissed.

Argued November term, 1913, before LEHMAN, PAGE, and WHITAKER, JJ.

Samuel D. Lasky, of New York City, for appellant.
House, Grossman & Vorhaus, of New York City, for respondent.

PER CURIAM. [1] An appeal has been taken to this court from a prior order in summary proceedings awarding possession of the identical premises involved in the proceeding to the landlord herein as against the tenant herein for default in payment of a prior install-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ment of rent. The appeal from the prior order was heard simultaneously with this appeal, and the final order has been disposed of. The validity of the second order, granting relief to the landlord which he has already obtained in the first, has accordingly become an academic question, as the affirmance or reversal of the second order would not change the status of the parties in any way. The appeal is therefore dismissed, without costs.

[2] This dismissal does not affect the right of the tenant to pursue any cause of action which he may have against the landlord by reason of the fraudulent representations alleged in the counterclaim interposed by him in both proceedings. While the default at the trial taken in the first proceeding was an adjudication, conclusive in the second, that the relation of landlord and tenant existed, and that there was default in payment of rent (Reich v. Cochran, 151 N. Y. 122, 45 N. E. 367, 37 L. R. A. 805, 56 Am. St. Rep. 607), there was no investigation of the defendant's counterclaim in either proceeding, and the dismissal by default was not an adjudication upon the merits, but equivalent merely to a nonsuit (Simon v. Bierbauer, 154 App. Div. 506, at page 508, 139 N. Y. Supp. 327).

The appeal is dismissed, without costs.