SCHWARTZ et al. v. MINSKER REALTY CO. (No. 6892.)

(Supreme Court, Appellate Division, First Department. March 12, 1915.)

1. LANDLORD AND TENANT ⬮129—FAILURE OF LANDLORD TO GIVE TENANT POSSESSION—MEASURE OF DAMAGES.

The measure of damages for a landlord's failure to give a tenant possession under a lease is the difference between the rent reserved and the rental value of the premises and any necessary expenses incurred in preparing for occupation of the premises.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 450–457; Dec. Dig. ⬮129.]

2. LANDLORD AND TENANT ⬮129—REFUSAL OF LANDLORD TO LET TENANT INTO POSSESSION—ACTIONS.

Refusal of a landlord to let a tenant into possession under a lease gives the tenant the right to maintain one action for the damages sustained.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 450–457; Dec. Dig. ⬮129.]

3. COSTS ⬮277—STAYING PROCEEDINGS IN SUBSEQUENT ACTION UNTIL PAYMENT OF COSTS.

The rule that nonpayment of costs in an action entitles defendant, in whose favor they are awarded, to stay all proceedings in a subsequent action by the same plaintiff on the same cause of action, applies in all cases, unless there are special facts showing that it would be unjust and inequitable to apply it, and the mere pecuniary inability of plaintiff to pay the costs is not sufficient to bring the case within the exception.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 1048–1060; Dec. Dig. ⬮277.]

Appeal from Special Term, New York County.

Action by Harry Schwartz and another against the Minsker Realty Company. From an order denying a motion to stay all proceedings in an action, defendant appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Gerald B. Rosenheim, of New York City, for appellant.
Max Brown, of New York City, for respondents.

McLAUGHLIN, J. The plaintiffs claim to have leased from the defendant for a term of five years certain premises in the city of New York. In February, 1912, they brought an action in the Munici-

pal Court of the City of New York to recover $500 damages, on the ground that the defendants had refused to let them into possession of the premises leased. The action was discontinued, and judgment entered against plaintiffs for $30 costs. A short time thereafter they brought another action against the defendant in the City Court of the City of New York upon the same cause of action, except that $3,000 damages were claimed. The defendant moved that all proceedings in that action be stayed until the costs in the action in the Municipal Court had been paid. The plaintiffs then moved to discontinue the action in the City Court, which motion was granted, on condition that they pay the costs of the action in the Municipal Court, and also the costs in the City Court action. This they failed to do, and the motion to discontinue was denied, with $10 costs. The action was reached for trial on March 11, 1914, and at the close of plaintiffs' case the complaint was dismissed, and judgment entered against them in favor of the defendant for $68.63 costs. In December, 1914, the plaintiffs commenced this action in the Supreme Court to recover $6,000 damages, upon the same cause of action upon which a recovery was asked in the Municipal Court and in the City Court, except that the damages claimed were larger. The defendant then moved to stay all proceedings on the part of the plaintiffs until the costs in the two prior actions had been paid. The motion was denied, and defendant appeals.

[1] The damages sought to be recovered in each action are those alleged to have been sustained by reason of the defendant's refusal to let the plaintiffs into possession of the premises alleged to have been leased. In an action against a landlord for failure to give a tenant possession under a lease, the measure of damages recoverable is the difference between the rent reserved in the lease and the rental value of the premises and any necessary expenses incurred in preparing for occupation of the premises. Friedland v. Myers, 139 N. Y. 432, 34 N. E. 1055; Podalsky v. Ireland, 137 App. Div. 257, 121 N. Y. Supp. 950.

[2] The refusal of a landlord to let a person entitled thereto into possession gives to such person the right to maintain one action to recover the damages sustained. Pakas v. Hollingshead, 184 N. Y. 219, 77 N. E. 40, 3 L. R. A. (N. S.) 1042, 112 Am. St. Rep. 601, 6 Ann. Cas. 60; Kennedy v. City of New York, 196 N. Y. 19, 89 N. E. 360, 25 L. R. A. (N. S.) 847; Simon v. Bierbauer, 154 App. Div. 506, 139 N. Y. Supp. 327.

[3] It has frequently been held that the nonpayment of costs in an action entitles the defendant in whose favor they are awarded to stay all proceedings in a subsequent action brought by the same plaintiff upon the same cause of action. Behrens v. Sturges, 138 App. Div. 537, 123 N. Y. Supp. 224; Hempstead v. White Sewing Machine Co., 134 App. Div. 575, 119 N. Y. Supp. 620; Singer v. Garlick, 123 App. Div. 282, 107 N. Y. Supp. 972; Ingrosso v. Baltimore & Ohio R. R. Co., 105 App. Div. 494, 94 N. Y. Supp. 177. The rule is to be applied in all cases, unless there be special facts and circumstances presented which show that it would be unjust and inequitable to apply it. Here

no such facts or circumstances are presented. The pecuniary inability of a party to pay the costs is not sufficient to bring the case within the exception. Wilner v. Independent Order of Ahawas Israel, 122 App. Div. 615, 107 N. Y. Supp. 497; Muratore v. Pirkl, 109 App. Div. 146, 95 N. Y. Supp. 855. This was the only fact stated or reason given why the stay should not be granted until the costs referred to had been paid.

The order appealed from, therefore, is reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.