(93 Misc. Rep. 324)

### HALPERN v. LANGROCK BROS. CO.

(Supreme Court, Special Term, New York County. January, 1916.)

Costs ⊚⟶277(1)—Nonpayment—Stay of Subsequent Suit.

Where a judgment for an impecunious plaintiff is reversed solely on the ground that the County Court was without jurisdiction, because the complaint demanded $2,000 "with interest," a motion to stay, for nonpayment of costs, proceedings in an action brought thereafter in the Supreme Court on the same cause will be denied; it appearing that, though impecuniosity alone is not sufficient to excuse a plaintiff for nonpayment of costs, the case falls within the exception to the rule that nonpayment of costs in an action entitles the defendant in whose favor they are awarded to stay all proceedings in a subsequent action brought by the same plaintiff on the same cause of action, except where there are special facts and circumstances presented which show that it would be unjust and inequitable to apply the rule.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 1048, 1058; Dec. Dig. ⊚⟶277(1).]

Action by Emanuel Halpern against the Langrock Bros. Company. On motion for a stay. Denied.

See, also, 169 App. Div. 464, 155 N. Y. Supp. 167.

Louis Pleshet, of New York City, for plaintiff.
M. Carl Levine, of New York City, for defendant.

FORD, J. Plaintiff sued in the County Court and had judgment, after trial, which was reversed by the Appellate Division on the sole

---

ground that the lower court was without jurisdiction, because the complaint demanded more than $2,000; i. e., $2,000, *with interest*. The general rule of law governing applications for a stay on account of nonpayment of costs of a former trial is stated in Schwartz v. Minsker Realty Co., 166 App. Div. 681, 152 N. Y. Supp. 70:

"It has frequently been held that the nonpayment of costs in an action entitles the defendant in whose favor they are awarded to stay all proceedings in a subsequent action brought by the same plaintiff upon the same cause of action. Behrens v. Sturges, 138 App. Div. 537, 123 N. Y. Supp. 224; Hempsted v. White Sewing Machine Co., 134 App. Div. 575, 119 N. Y. Supp. 620; Singer v. Garlick, 123 App. Div. 282, 107 N. Y. Supp. 972; Ingrosso v. Baltimore & Ohio R. R. Co., 105 App. Div. 494, 94 N. Y. Supp. 177. The rule is to be applied in all cases unless there be special facts and circumstances presented which show that it would be unjust and inequitable to apply it. Here no such facts or circumstances are presented. The pecuniary inability of a party to pay the costs is not sufficient to bring the case within the exception. Wilner v. Independent Order Ahawas Israel, 122 App. Div. 615, 107 N. Y. Supp. 497; Muratore v. Pirkl, 109 App. Div. 146, 95 N. Y. Supp. 855. This was the only fact stated or reason given why the stay should not be granted until the costs referred to had been paid."

In the present case the plaintiff had judgment on the previous trial, and, now that the action has been brought in a court of competent jurisdiction, the presumption obtains that he will again succeed. Moreover, plaintiff is impecunious. It seems to me that the case falls within the exception to the general rule since the "special facts and circumstances presented * * * show that it would be unjust and inequitable to apply it." The rule applicable here seems to be that laid down in Drake v. New York Iron Mine, 71 Hun, 211, 24 N. Y. Supp. 518:

"The plaintiff appeals from an order staying proceedings until the costs of a previous action are paid. Such orders are properly made where a plaintiff vexatiously pursues a defendant with unnecessary litigation (Ex parte Stone, 3 Cow. 380); but there is no inflexible rule compelling courts to make such order where the plaintiff is not in fault and the result would be not to prevent, but to promote, injustice. In the present case the complaint, which is verified, states a good cause of action. There is no answer, not even an affidavit of merits, nor any doubt thrown over the justice of plaintiff's claim. So far as can be learned from the various records before us, the plaintiff has for many years had meritorious grounds of complaint, against which defendant has successfully defended itself by skillful use of technicalities. Whether in such case a stay of proceedings should be granted, even should defendant bring itself within the letter of the rule, may well be doubted."

While it is true that impecuniosity alone is not sufficient to excuse a plaintiff in a case of this kind, yet to hold that it should not be considered at all by the court would be to require that jurists be less or more than human. The motion is denied.

Motion denied.