Louis Dichter, Plaintiff, v. Wolf Housing Corporation and Others, Defendants.

City Court of New York, Bronx County, November 27, 1933.

*Ellis J. Bisgyer*, for the motion.

*Maurice Lefcourt*, opposed.

Donnelly, J. This is a motion by the defendants Wolf Housing Corporation and Fidelity and Deposit Company of Maryland to stay the plaintiff from proceeding in this action until the costs entered against him in the sum of $250 be paid. This action is to foreclose a mechanics' lien on properties owned by the defendant Wolf Housing Corporation. Two notices of lien were filed, one by the Retar Painting Corporation and one by the plaintiff herein. After the notices of lien were filed, they were bonded by the defendant Fidelity and Deposit Company of Maryland.

Prior to the commencement of this action, the Retar Painting Corporation commenced an action in the Municipal Court of the City of New York, Borough of Manhattan, Third District, against

the Wolf Housing Corporation and Louis Dichter, the plaintiff herein. The action commenced in the Municipal Court was brought to foreclose the same mechanics' liens for which this action was commenced. In that action the plaintiff herein interposed a counterclaim against the Wolf Housing Corporation to foreclose his lien, which is the same lien that this action was brought to foreclose. The Retar Painting Corporation and Louis Dichter, the plaintiff herein, had judgment in the Municipal Court, which judgment was reversed on appeal by the Appellate Term, First Department, and the complaint of Retar Painting Corporation and the counterclaim of the plaintiff herein against the Wolf Housing Corporation were dismissed without prejudice. Thereafter and on June 30, 1933, the defendant Wolf Housing Corporation entered judgment for costs and disbursements against the plaintiff herein and the Retar Painting Corporation for the sum of $250.88, which said judgment for costs and disbursements has not been satisfied.

The ground of the reversal by the Appellate Term appears to have been that the Municipal Court had no jurisdiction, because that action was brought to foreclose a mechanics' lien for the discharge of which a bond had been given.

In *Schwartz* v. *Minsker Realty Co.* (166 App. Div. 681, 683) the court said: " It has frequently been held that the non-payment of costs in an action entitles the defendant in whose favor they are awarded to stay all proceedings in a subsequent action brought by the same plaintiff upon the same cause of action. [Citing cases.] The rule is to be applied in all cases unless there be special facts and circumstances presented which show that it would be unjust and inequitable to apply it."

In *Behrens* v. *Sturges* (138 App. Div. 537), which was cited in *Schwartz* v. *Minsker Realty Co. (ante)*, the court said: " This court has held that the same rule should be applied to the payment of costs in an action where another action is commenced between the same parties upon the same cause of action. [Citing cases.] * * * The reason for this rule is a wholesome one. It has for its basis the fact that, where a party has successfully defended a prior action, he ought not to be put to the trouble and expense of defending another action predicated upon the same cause of action until he has paid the costs awarded to him by the court in the action first commenced."

In the Municipal Court action this plaintiff was compelled to answer in a forum which was not of his choosing. If any one was put to unnecessary and vexatious expense, it was this plaintiff. It seems to me that these facts and circumstances are sufficient to bring the case within the exception referred to in *Schwartz* v.

*Minsker Realty Co. (ante).* Moreover, it seems unjust and inequitable to permit the moving defendants herein to insist that as a prerequisite to this plaintiff's proceeding with his action in this court he pay the costs which would never have been awarded had it not been for the fact that the commencement of the action in the Municipal Court was due to an error that cannot be imputed to this plaintiff. Again, in the Municipal Court action, the dismissal of the plaintiff's complaint and of the counterclaim of the plaintiff in this action was without prejudice. To grant the pending motion would be to ignore the effect which, under all the circumstances, should be given to the dismissal with such a qualification. Motion denied.